[Civ. No. 4153. Third Appellate District.—June 16, 1931.]

G. A. SCHILLING, Respondent, v. CENTRAL CALI-
FORNIA TRACTION COMPANY (a Corporation),
Appellant.

Butler, Van Dyke, Desmond & Harris for Appellant.

Albert E. Sheets and J. Q. Brown, Jr., for Respondent.

PLUMMER, J.—In this action the plaintiff had judgment in the sum of $5,000 in an action brought to recover damages for the death of a minor daughter named Iva May Schilling. From this judgment the defendant appeals.

In most particulars this is a companion case with that of *Helen P. Bennett* v. *Central California Traction Co., a Corporation,* heretofore decided by this court in an opinion filed on the thirteenth day of June, 1931 (*ante,* p. 1 [1 Pac. (2d) 47]). The cause of action in this, as in the Bennett case arises out of a collision between a street-car owned by the defendant, and an automobile in which the plaintiff was riding. As stated in the Bennett case, the collision occurred at the intersection of Fifteenth and X Streets in the city of Sacramento, at about 9 o'clock on the evening of February 14, 1929. For a detailed description of the circumstances attending and surrounding the collision, we refer to the opinion in the Bennett case. Here, as in the Bennett case, the argument is made that the testimony does not support the verdict, and that the death of Iva May Schilling, which resulted from the collision, was ·caused by the sole negligence of the driver of the automobile.

It is further argued that the court erred in the admission of testimony, and particularly in the admission of the testimony of the witness Cecchettini. The same argument is presented here in relation to this testimony as was presented in the Bennett case. As we there took occasion to consider, somewhat at length, the admission of the testimony of this witness, and also cited a long list of authorities supporting the ruling of the trial court, it is unnecessary to repeat here our reasons for upholding the ruling of the trial court, and we therefore refer to the opinion in the Bennett case as showing the correctness of such ruling.

The testimony of this case relative to the speed of the ·street-car at the time of the collision, the failure of the motorman to sound any gong or give any warning of the approach

of the street-car, and that he did not see the automobile with which the street-car collided, until after his car had been stopped a trifle over 97 feet from the point of the collision, is the same as that set forth in the Bennett case, and what we said there applies here, and without further elaboration we think presents sufficient to send the cause to the jury.

In addition to the legal questions involved in the Bennett case, which need not be reconsidered here, it is urged that the court erred in giving an instruction to the jury relating to the speed of the street-car, and also, as the motorman was not joined with the Traction Company as a party defendant, no cause of action is stated. ▮ The instruction complained of is as follows: "If you find that at the time and place of the collision in this case the defendant was propelling its street car at a speed in excess of twenty miles per hour, then I instruct you that this constitutes negligence as a matter of law, it being provided in the city ordinance of the city of Sacramento that street cars must not exceed twenty miles per hour in the residence district of the city."

Ordinance No. 304, fourth series, article VI, section 40, of the city of Sacramento, reads, so far as pertinent here: "The operator of a street car in a city shall operate the same at a careful and prudent speed, and subject to this limitation may lawfully proceed at a speed not exceeding the following: . . . 20 miles per hour in a residence district. Speeds in excess of those set forth above shall be taken as *prima facie,* but not conclusive evidence of a speed greater than is reasonable and proper."

It is contended upon the part of the appellant that in instructing the jury that speed in excess of 20 miles per hour is negligence as a matter of law, the court committed reversible error for the reason that the concluding paragraph of the ordinance which we have quoted specifies that "speeds in excess of those set forth above shall be taken as *prima facie,* but not conclusive evidence of a greater speed than is reasonable and proper". In support of its contention the appellant cites the case of *Brixey et al.* v. *Craig,* 49 Idaho, 319 [288 Pac. 152], where the court had under consideration a somewhat similar question, but which we think is distinguishable from the issue here involved.

In that case the court did say that the violation of a positive statutory inhibition is negligence *per se* and not merely *prima facie* evidence of negligence. However, the statute there under consideration did not in terms make it unlawful to drive in excess of a certain speed. Subdivision "B" of the act (Laws Idaho 1927, chap. 260), relating to the operation of vehicles upon public highways under consideration in that case, reads as follows: "Subject to the provisions of Subdivision 'A' of this section, and except in those instances where a lower speed is specified in this act, it shall be *prima facie* lawful for the driver of a vehicle to drive the same at a speed not exceeding the following, but in any case when such speed would be unsafe, it shall not be lawful." In the ordinance under consideration the statute expressly provides that it is lawful only to proceed at a speed not exceeding a certain specified rate, being 20 miles per hour at the intersection where the collision in this case occurred. It is true that the ordinance concludes in the following language: "Speeds in excess of those set forth above shall be taken as *prima facie,* but not conclusive evidence of a greater speed than is reasonable and proper." This portion of the ordinance is not controlling in this action. We have not been cited to any authorities which hold that a city council has any power to fix, change or limit rules of evidence in the trial of actions in superior courts. The speed fixed by the ordinance is 20 miles per hour; that is the lawful rate which cannot be exceeded under certain conditions, and could not be lawfully exceeded under the conditions presented, at the intersection of Fifteenth and X Streets in the city of Sacramento. The instructions to the jury as to what would be the result of exceeding that speed limit was and is a pure matter of law for the courts and not for the city council, in actions involving personal injuries. That the city council might affix penalties and provide for their imposition, and how proof of violation of its ordinances may be established in city courts, is beside the question.

That the construction given by the Supreme Court of Idaho in the case of *Brixey* v. *Craig, supra,* is not controlling here appears from the decisions in the recent cases of *Benjamin* v. *Noonan,* 207 Cal. 279 [277 Pac. 1045], *Cooper* v. *Smith,* 209 Cal. 562 [289 Pac. 614], and *Loggie* v. *Inter-*

*state Transit Co.,* 108 Cal. App. 165 [291 Pac. 618]. These cases deal with the California Vehicle Act, the concluding paragraph of which reads as follows: "In all charges for a violation of this section, speeds in excess of those set forth in subdivision 'B' of this section shall be taken as *prima facie,* but not as conclusive evidence of a violation of this section," etc. In the Noonan case the instruction was in substance and effect the same as that here given, as appears from the following quotation: "We find no error in said instruction. As said in *Scragg* v. *Sallee,* 24 Cal. App. 133 [140 Pac. 706] : 'While it is undoubtedly correct to say that the act of driving a vehicle over a street or public highway, beyond the speed limit established by a municipal ordinance or a statute, constitutes evidence of negligence in cases where damage has followed the infraction of such an ordinance or law, the rule in this state is, however, that it is conclusive evidence of negligence (citing cases). Therefore, the statement that such an act is of itself negligence, or negligence as a matter of law, or negligence *per se* (equivalent expressions), is in this state strictly correct.' " (Citing *Baillargeon* v. *Meyers,* 180 Cal. 507 [182 Pac. 37] ; *Flynn* v. *Bledsoe,* 92 Cal. App. 145 [262 Pac. 887] ; *Towne* v. *Godeau,* 70 Cal. App. 148 [232 Pac. 1010] ; *Greeneich* v. *Knoll,* 73 Cal. App. 1 [238 Pac. 163].)

In *Cooper* v. *Smith, supra,* it is said that a speed limit in excess of 35 miles per hour, being the speed limit fixed for the conditions where the accident took place, constituted negligence on the part of the automobile driver. To the same effect is the holding of this court in the case of *Loggie* v. *Interstate Transit Co., supra,* where the court instructed the jury that a speed in excess of the limit fixed by the California Vehicle Act was negligence as a matter of law.

In addition to the foregoing cases we may cite the case of *Simoneau* v. *Pacific Elec. Ry. Co.,* 166 Cal. 264 [49 L. R. A. (N. S.) 737, 136 Pac. 544], where, on page 269 of the California volume cited is listed a number of cases showing that the violation of a city ordinance relative to the rate of speed is negligence *per se.* Also, we may cite the recent case of *Flynn* v. *Bledsoe,* 92 Cal. App. 145 [267 Pac. 887], where a number of cases are cited to the same effect. See, also, 23 California Jurisprudence, page 870, section 35.

■ Finally, the appellant contends that no cause of action is stated by reason of the fact that the motorman was not joined as a party defendant. This contention is based upon a reading of section 376 of the ·Code of Civil Procedure, where, after providing for the maintenance of an action for the death or injury of a child, the section concludes as follows: "Such action may be maintained against the person causing the injury or death, or if such person be employed by another person who is responsible for his conduct, also against such other person." The construction of this section advanced by appellant is that it was the intention of the legislature, and the necessary meaning of the language employed, that the action could only be maintained jointly against the employer and the employee. This contention, however, does not appear to us to be tenable. The word "also" does not carry any such meaning.

In 2 ·C. J. 1164 we find the word "also" thus defined: "As well; besides; in addition; some other thing; including; further; furthermore; likewise; in like manner; in the same manner; moreover"; and further: "As copulative conjunction 'also' is used as denoting nearly the same as the word 'and' or 'likewise'. The words 'also', or 'and also', are usually read in wills as copulative, carrying on the same sense as the preceding words, and are equivalent to 'in like manner' or 'in the same manner'," etc. None of these definitions contain the idea that the action must be joint. The plain interpretation is that the action may be maintained against the person causing the injury; likewise, an action may be maintained against the employer. Take the first definition and it reads, "An action may be maintained against the employee"; and "as well", an action may be maintained against the employer. Take some of the other definitions and the statute reads that an action may be maintained against the person causing injury; and an action may be maintained "in like manner" against the employer.

Our attention is called to the provisions of section 377 of the Code of Civil Procedure authorizing heirs or personal representatives to maintain an action for damages, and the case of *Salmon* v. *Rathjens*, 152 Cal. 290 [92 Pac. 733], is cited as supporting appellant's contention. Section 376 of the Code of Civil Procedure differs in its reading from section 377. ■ Furthermore, the case cited by the ap-

pellant holds that the objection of misjoinder of parties must be taken before trial, and cannot be raised upon appeal. Under section 434 of the Code of Civil Procedure, which specifies that objections, save as to the failure of the complaint to state facts sufficient to constitute a cause of action, or to the jurisdiction of the court not taken before trial, are deemed waived, the appellant in this case is foreclosed from making the contention that the motorman should have been joined as a defendant in this action. All the argument advanced by the appellant in this particular only goes to show that the appellant should have applied to the trial court for an order directing that the motorman be brought in and made a party to the action, and not having done so, it is too late now to raise any objection based upon lack of parties to the action.

The judgment is affirmed.

Preston, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 16, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 10, 1931.