## COMMERCIAL CASUALTY INSURANCE COMPANY v. HARTFORD ACCIDENT & INDEMNITY COMPANY.[1]

### No. 29,530.

### January 26, 1934.

*Timerman & Vennum* and *Franklin Petri,* for appellant.
*Robb, Rich & Frohne,* for respondent.

*STONE, Justice.*

The one issue is between two carriers of public liability insurance. It is whether they should share equally the loss hereinafter considered. The decision below went for the Commercial Casualty Insurance Company and against the Hartford Accident & Indemnity Company. They will be referred to for convenience as the Commercial and the Hartford. The case was submitted below upon agreed statement of facts. The Hartford appeals from the judgment.

[1]Reported in 252 N. W. 434, 253 N. W. 888.

November 3, 1926, the Commercial issued its policy to one Strom insuring him against liability for personal injuries or death to or of any person "by reason of the ownership, maintenance and/or use" of certain automobiles, including the motor truck which caused the injury of one Stratton. By its terms, benefit of this policy was extended "to any person, firm or corporation legally responsible for the operation thereof, provided such use or operation is with the permission of the named assured." It stipulated also that "if any other person, firm or corporation included in this insurance is covered by valid and collectible insurance against a claim also covered by this policy, such other person, firm or corporation shall not be entitled to indemnity or protection under this policy."

April 29, 1926, the Hartford had issued to Hanlon & Okes, general contractors, a policy of insurance against similar liability. But it was issued at a reduced premium because of its supposed purpose, so it is argued and we think properly, to give only what is known as "excess coverage." To that end, it was thus specially self-restricted:

"It is hereby understood and agreed that this policy is only intended to cover the interest of the named assured with respect to use in connection with the assured's business of automobiles and trailers hired or owned by independent contractors, and that this policy shall not extend to cover the interest of any individual, firm or corporation who may operate automobiles or trailers covered hereunder. * * *

"It is understood and agreed that, if the named assured is covered under a policy taken out by the owner or operator of an automobile insured under this endorsement, that the coverage under this endorsement shall be an excess coverage over and above the valid and collectible insurance under the policy taken out by the owner or operator of the car."

August 1, 1927, a truck owned by Strom (insured by the Commercial) and operated by his driver, while engaged in the business of Hanlon & Okes (insured by the Hartford), injured one Stratton "under circumstances which concededly rendered said Hanlon &

Okes liable in damages to said Stratton." Strom's insurer, the Commercial, settled Stratton's claim by paying him $1,500. The purpose of this suit is to determine whether the Hartford is liable for half that loss.

The two contracts of insurance and their interpretation must be the factual basis of decision. But there was no contract and so no contractual relation between the insurers. Neither was beneficiary of the other's contract. Neither having any contract right against the other, but both being under contractual obligations in respect to the same risk, it remains only to determine the respective equities. If they are concurrently liable for the same risk, it is but obvious equity that there should be contribution. Equally plain it is that, if the one paying the whole loss is primarily liable and the other obligated only secondarily and not otherwise, there should be no contribution. In such case the position of the defendant is the stronger, and there can be no recovery.

We must determine from the separate contracts whether the insurance was concurrent as to the risk presently involved, or whether one contract furnished primary and the other secondary insurance. The decision below proceeds upon the theory, and it is that of counsel for the Commercial, respondent here, that the insurance was concurrent. We cannot escape the conclusion that the Commercial had the primary risk, and that the Hartford coverage was secondary only. It is upon that view that we reverse, holding the Commercial liable for the entire loss.

The Commercial policy was so worded that, if possible, it would not be liable at all if any party other than Strom "included in this insurance is covered by valid and collectible insurance against a claim also covered by this policy." The language immediately following is that "such other person, firm or corporation shall not be entitled to indemnity or protection under this policy." It will be observed that Strom, whatever his liability might be, would remain covered by the Commercial policy, whether anybody else was covered or not.

But we must begin, not with the liability of Strom, but with that of Hanlon & Okes. Their policy in the Hartford covered only their

"interest * * * with respect to use in connection with the assured's business of automobiles and trailers hired or owned by independent contractors," and the policy did "not extend to cover the interest of any individual, firm or corporation who may operate automobiles or trailers covered hereunder." While the agreed statement of facts is silent on this precise point of fact, it is a necessary implication that Strom's truck and driver, at the time of the accident to Stratton, were employed under an independent contract. Otherwise, there could be no claim of liability against the Hartford in any view. The primary liability was on Strom, and the insurer of that risk was the Commercial. The secondary liability was upon Hanlon & Okes, and its insurer was the Hartford. It follows that the primary insurer, the Commercial, having paid the whole loss, is not entitled to contribution from the Hartford, whose insurance was secondary or "excess." The two policies did not cover the same risk with enough identity of scope and purpose to be concurrent.

We have not been cited to much authority. (See Dec. Dig. Insurance, § 512½.) Our conclusion is supported by Hartford S. B. I. & I. Co. v. Cochran O. M. & G. Co. 26 Ga. App. 288, 293, 105 S. E. 856, 858, where the risks assumed by two insurers, those of boiler explosion, were "partly coextensive." "At the point of contact" there was "excess insurance only." It was considered, and we think rightly, that issues between the two insurers in such a case can be determined by answering "the question as to which insurance is general and which is specific in its nature." Not in point but yet interesting in this connection is Clarno v. Gamble-Robinson Co. 190 Minn. 256, 251 N. W. 268.

In the instant case, the Hartford policy, in limitation of its coverage to the interest of Hanlon & Okes to liability resulting from the use in their business of the motor equipment of subcontractors, is plainly more specific and narrowing in effect than the language of the Commercial policy, attempting to exclude from liability some other party "covered by valid and collectible insurance against a claim also covered by this policy." The exclusion is of "indemnity

or protection under this policy." Hanlon & Okes are not being given, and have not sought, "indemnity or protection" under the Commercial policy. But Strom was protected thereby. As far as we can see, all that the Commercial has done in paying the loss is to furnish its named assured, Strom, the "indemnity or protection" he paid for. It has but discharged the liability of the primary insurer, thereby relieving the Hartford as secondary insurer from all obligation.

For these reasons we consider that the judgment must be and it is reversed.

### ON APPLICATION FOR REARGUMENT.

On March 16, 1934, the following opinion was filed:

*PER CURIAM.*

The petition of respondent, Commercial Casualty Insurance Company, for rehearing is denied; but, nevertheless, it has received careful consideration.

In the petition it is asserted:

"It was always the contention of the Commercial that the Hartford was liable for the entire $1,500, likewise the Hartford contended that the Commercial was liable in that same amount, the fact that the ultimate liability of the Hartford was reduced to $750 as the result of a compromise of an issue not presented to this court does not affect the theory of this presentation. In other words, we must take it that the $750 involved in this case represents the entire liability of either company under its policy and must be treated as the entire amount of liability and not a fifty per cent contribution."

On that theory the case has been reconsidered as fully as though it had been reargued.

It is true that in the strict and theoretical sense there would be no liability upon the Hartford for trucks used by the independent contractors of the Hartford's insured, Hanlon & Okes. But the Hartford policy cannot be so narrowly construed, because if it were it would afford no real insurance coverage. The application for

that policy, we are now told, was for insurance on "all automobiles and trailers hired or owned by independent contractors and used in connection with the assured's business."

The stipulation of facts shows that Strom, as owner of the truck which injured Stratton, "had employed a certain driver of said truck" and that both "truck and driver were engaged in the business of Hanlon & Okes" when the involved accident occurred. The stipulation therefore shows that the driver of the truck remained at the decisive moment the servant of Strom, the insured under the Commercial policy.

It would have been much better practice if the agreed statement of facts had confined itself to facts without going into the realm of sheer conclusion. It would have been helpful also if the terms of the contract between Hanlon & Okes and Strom had been included. With the stipulation as it is, our reconsideration of the case has confirmed rather than shaken our conclusion that the Commercial, as insurer of the primary liability of Strom, whose truck and driver were the agency of injury, must answer for the whole loss and that no liability rests upon the Hartford, insuring only the secondary liability of Hanlon & Okes.