WILLIAM ATKIN COMPANY, Plaintiff, *v.* NATIONAL LIBERTY INSURANCE COMPANY OF AMERICA, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, June 30, 1938.

*Dorf & Simon,* for the plaintiff.

*Milton P. Kinsey,* for the defendant.

GENUNG, J. This is an action brought by the plaintiff against the defendant, under the terms of a certain contract of cargo insurance, issued and executed by the defendant in favor of one, Reliance Transport and Service, Incorporated. The issuance, execution and delivery of the contract of insurance are admitted. It is further admitted that the contract in question was in full force and effect

on February 16, 1937. On this date plaintiff asserts the Reliance Transport and Service, Incorporated, failed to deliver certain merchandise, belonging to the plaintiff, entrusted to said carrier. It is further admitted that demand for the return of this merchandise or its value was made and not honored. Suit in this court was thereupon commenced and after due service of summons on defendant and default by said Reliance Transport and Service, Incorporated, judgment was entered in the sum of $161.80. That judgment remains unpaid and unsatisfied, due to the insolvency of the said Reliance Transport and Service, Inc.

Plaintiff seeks to recover the damages so ascertained by this action against the defendant, predicating its claim on the provisions of an endorsement attached to the contract of insurance and reading as follows:

" The Policy to which this endorsement is attached, is a cargo policy, and is hereby amended to assure compliance by the insured as a common carrier of property by motor vehicle with section 215 of the Motor Carrier Act of 1935." It is further provided:

" In consideration of the premiums stated in the policy to which this endorsement is attached the company agreed to pay * * * any shipper or consignee for all loss or damage to all property belonging to such shipper or consignee, and coming into possession of the insured in connection with its transportation service, for which loss or damage the insured may be held legally liable." And it is further provided:

" No condition * * * limitation, contained in the policy, or any other endorsement shall affect in any way the right of any shipper or consignee, or relieve the company from liability for the payment of any claim."

This endorsement, the manifest purpose of which is " to assure compliance " with section 215 of the Motor Carrier Act of 1935, is to all intents and purposes a required condition precedent on the part of any motor carrier engaging in the business of transportation in interstate commerce as a common carrier for hire.

Under section 215 of the Motor Carrier Act of 1935 (U. S. Code, tit. 49, § 315), it is provided:

" No certificate or permit shall be issued to a motor carrier or remain in force, unless such carrier complies with such reasonable rules and regulations as the commission shall prescribe governing the filing and approval of surety bonds, policies of insurance, * * *."

Shortly after the passage of the Motor Carrier Act of 1935, the commission rendered findings, establishing minimum cargo insurance requirements in the following amounts, (a) for the loss

or damage on any one motor vehicle the sum of $1,000. (b) for aggregate losses or damages at any one time and place $2,000. (The Motor Carrier Act and Its Administration by the Interstate Commerce Commission, May, 1937, *Mortimer*).

These insurance coverages are required as " security for the protection of the public " (Motor Carrier Act of 1935, § 215). The beneficiaries of such coverages are the shippers and consignees of merchandise. The wording of the endorsement on the policy provides no condition or limitation contained therein affects in any way the rights of any shipper or consignee, nor relieves the company of any liability in connection therewith.

The defendant contends that this case, involving as it does citizens in the State of New York, and a judgment of a court of record in this State, the rules and procedure in this State should apply. The defendant further contends that this plaintiff has neither substantially nor fully complied with section 109 of the Insurance Law of the State of New York, in that the plaintiff did not within thirty days prior to the commencement of this action serve upon the defendant a copy of the default judgment obtained against the motor carrier in the prior action. Defendant also asserts that execution upon the prior judgment has not been returned unsatisfied prior to the commencement of this action.

The answer to these contentions is that the plaintiff in this present action does not predicate his claim on section 109 of the Insurance Law of the State of New York, but, on the other hand, bases his action on the endorsement contained on the policy, as issued, executed and delivered by the defendant to its assured, Reliance Transport and Service, Inc. This endorsement, by its terms, is an unconditional and absolute promise to pay any loss or damage, pursuant to section 215 of the Motor Carrier Act of 1935, and the provisions of this endorsement are controlling, even to the exclusion of section 109 of the Insurance Law of New York.

The motion for summary judgment is granted in the sum of $161.80, with interest and costs and disbursements. Ten (10) days stay.