Grasberger *v.* Liebert & Obert, Inc., Appellant et al.

Argued November 15, 1938.

Before
KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD,
PARKER and RHODES, JJ.

*Charles E. Kenworthey,* with him *Evans, Bayard & Frick,* for appellant.

*Layton M. Schoch,* for appellees.

OPINION BY BALDRIGE, J., January 31, 1939:

The plaintiff in an action of trespass recovered a verdict against Liebert & Obert, Inc., the original defendant and appellant herein, and R. C. Rietheimer, additional defendant, in the sum of $3,500. The judgment entered thereon was paid on behalf of Reitheimer by the Pennsylvania Threshermen & Farmers' Mutual Casualty Insurance Company, insurance carrier, and marked to its use. The appellant thereupon filed a petition to show cause why the order to mark the judgment to use of the insurance carrier should not be stricken off and the judgment satisfied of record. A responsive answer thereto was filed by Reitheimer and his insurance carrier. After argument, the rule was discharged, and this appeal followed.

The principal issue involved in the trespass action was whether Berger, the driver of the truck at the time of the accident, was subject to the equal control and supervision of both defendants as joint masters. The jury, by its verdict, found that he was. No appeal having been taken from the judgment entered thereon, that matter must be considered as definitely and finally determined: *Erie County Electric Co. v. Mutual Telephone Co.,* 265 Pa. 181, 184, 108 A. 524.

The major question before us is whether Reitheimer, after having paid the judgment, can have it marked to use of his insurance carrier so that it may be kept alive for its benefit.

Mr. Justice SCHAFFER, in the case of *Goldman et al. v. Mitchell-Fletcher Co.*, 292 Pa. 354, 141 A. 231, after a very exhaustive discussion of the question of contribution among joint tortfeasors, held that where two persons are found to be jointly liable in a tort, one of them who has discharged the liability is entitled to contribution from the other of a proportionate share of the expenditures made in the discharge of his liability, and an insurance carrier, being subrogated to the rights of the insured, may have the judgment marked to its use. As is pointed out in *Feldman et al. v. Gomes et al.*, 98 Pa. Superior Ct. 84, a co-defendant ought not to be relieved of paying his share of a judgment recovered for a wrong done, for which both defendants are responsible. Those decisions are in harmony with the rule approved in Restatement, Restitution, §99, which is expressed in the following language: "Where two persons were liable in tort for the conduct of a third person, and neither of them was at fault or, as between the two, primarily responsible, one of them who has discharged a liability against them created by the tortious conduct of such third person is entitled to contribution from the other of a proportionate share of expenditures properly made in the discharge of such liability."

The appellant vigorously argues that if its liability is not secondary, under the terms of Reitheimer's policy, which was for $5,000 and therefore in excess of the judgment, the insurance carrier was bound to indemnify both defendants. This insurance agreement provided as follows:

"EXTENDED COVERAGE

"2. The insurance provided by this Policy is hereby made available, in the same manner and under the same conditions as it is available to the named Assured ......
to any person, firm or corporation legally responsible for the operation thereof ......"

This extended coverage, however, was limited by Condition D :

"If any other ...... corporation insured hereunder by the provisions of Insuring Agreement 2 is covered by other valid insurance against a claim otherwise covered by this Policy, no insurance under this policy shall be applicable to such claim."

The appellant was within the provisions of paragraph 2, but it was also covered by valid insurance in an Aetna Casualty & Surety Company policy, which contained the following stipulation: "It is further agreed that if the named Assured is covered under a policy taken out by the owner or operator of any automobile and/or trailer insured under this endorsement, the coverage under this endorsement shall be excess coverage over and above the valid and collectible insurance under the policy taken out by the owner or operator of such automobiles."

We, therefore, have a situation where the Aetna policy covered the appellant, if it did not have other "valid and collectible insurance," and the Threshermen & Farmers' policy also covered it, if it did not have "other valid insurance." To give a literal effect to both policies would mean that one policy cancelled the other; that an assured, apparently protected by two policies, is, in fact, not covered by either; for if the Threshermen & Farmers' policy is inoperative, so is the Aetna policy. We think such an absurd result was never contemplated. This conclusion is strengthened by further provisions in both policies which stipulate that, in the event there are two policies in existence, both insurers shall pay rateably.

These policies, taken in their entirety, in our judgment, support the common-sense interpretation that the parties intended, under facts here present, that there should be equitable distribution. Such a construction is in harmony with the conclusion reached in the case of *Gale v. Motor Union Ins. Co.*, 96 L. J. K. B. N. S. 199, 202, 72 A. L. R. 1416, where Mr. Justice ROCHE, speaking for the court, said: "Each of the poli-

cies provided that if there was another operative insurance, it, the policy in question, could not be used to give any indemnity; but each policy also provided that if there were two policies which were operative then there was to be rateable contribution or payment. The proper construction of these clauses was not to deprive the assured of the indemnity altogether, which would result if condition 10 of the Motor Union Insurance Co.'s policy and condition 5 of the General Accident Assurance Corporation's policy stood alone. The provision as to rateable contribution qualified the preceding clause denying liability. In my opinion, the proper award in this case is that the claimants should be paid rateably in respect of this accident by the Motor Union Insurance Co. and the General Accident Assurance Corporation."

The appellant, in support of its contention, relies on *Commercial Casualty Ins. Co. v. Hartford Accident & Indemnity Co.* (Minn.), 252 N. W. 434. But in that case there was a finding of a primary and secondary liability of the parties insured, while, here, the verdict determined that the parties were concurrently liable as joint masters.

In *New Amsterdam Casualty Co. v. Hartford Accident & Indemnity Co.,* 18 Fed. Supp. 707, where the facts were similar to those in the case at bar, Judge HAMILTON, in referring to the Commercial Casualty case, supra, said (p. 711) : "An examination of the opinion shows the court based its decision on who was first liable for the injury to Stratton, and as Strom's driver was driving the truck at the time of the injury, the relationship of independent contractor existed as between Strom and Hanlon & Okes, and the insurance carrier of the latter was relieved of liability"; and accordingly held that the Minnesota case is applicable when, as in the present case, the liability is not primary and secondary, but joint.

We are of the opinion that the court below committed

no error in discharging the rule to show cause why order to mark judgment to use should not be stricken off and the judgment marked satisfied.

Order of the court below is affirmed, at appellant's costs.