[Civ. No. 12763. Second Dist., Div. Two.—June 11, 1941.]

CONSOLIDATED SHIPPERS, INC. (a Corporation), Plaintiff, v. PACIFIC EMPLOYERS INSURANCE CO. (a Corporation), Respondent; COMMERCIAL STANDARD INSURANCE CO. (a Corporation), Appellant.

Fred Aberle for Appellant.

Kenneth J. Murphy and Henry E. Kappler for Respondent.

THE COURT.—In this action to recover under the provisions of separate policies of insurance issued by each insurer for a loss sustained, a judgment for $14,522.21 was entered in favor of plaintiff and against appellant Commercial Standard Insurance Company and respondent Pacific Employers Insurance Company, hereinafter referred to respectively as Commercial and Pacific. The judgment, from which this appeal is taken, directs that as between Commercial and Pacific it is to be first satisfied against Commercial to the extent of the limit of liability under its policy ($9,561.10) and that the balance might then be satisfied against Pacific.

Commercial issued a policy of public liability insurance whereby it agreed to insure M. L. Harvey and/or Consolidated Shippers, Inc., plaintiff herein, against loss arising from or resulting from the ownership, maintenance or use of a Chevrolet truck which was owned by Harvey. The limits of liability under such policy were fixed as $5,000 for property damage and $10,000 for injury to or death of more than one person. Pacific also issued a policy of public liability insurance by the terms of which it insured plaintiff alone against loss by reason of any liability imposed by law resulting from the operation of all automobiles and trailers other than those owned by plaintiff which were transporting merchandise on a contract basis for the account of plaintiff. The liability under Pacific's policy was further limited to such loss as might result to plaintiff from the operation of trucks and trailers by independent contractors who had executed a prescribed form of blanket hauling contract. The limits of liability under Pacific's policy were $5,000 for property damage and $100,000 for injury to or death of more than one

person. Each policy contained a provision for the proration of insurance, providing in effect that if the insured carried other insurance against the same loss the insurer would not be liable for a larger proportion of the entire loss than the amount named in the policy bore to the entire amount of collectible insurance.

During the time that both policies were in force Harvey, while transporting merchandise in his Chevrolet truck on a contract basis for the account of plaintiff, became involved in an accident in Arizona which resulted in the death of two persons. Two actions to recover damages for the death of such persons were instituted in Arizona against Harvey and plaintiff herein. Prior to the trial of such actions the parties stipulated, without admitting liability, to compromise judgments being entered in favor of the plaintiff in each action and against both defendants for an aggregate amount of $11,600. The judgments which were accordingly entered were fully satisfied by plaintiff herein. Both Commercial and Pacific were duly notified of the accident and of the filing of the actions in Arizona. Pacific denied liability and refused to investigate the matter or to defend the actions. Commercial did investigate the accident and entered upon the defense of the actions but withdrew therefrom prior to the entry of the judgments and refused to proceed further. By this action plaintiff sought to recover the amount which it had paid in satisfying the Arizona judgments, attorney's fees and costs incurred in such actions and interest.

In order to comply with the terms of the Arizona law which requires a lease agreement where an interstate motor carrier operates equipment not owned by it, Harvey entered into an agreement with plaintiff by which he purported to lease his Chevrolet truck to plaintiff. This lease agreement had been executed and filed in the State of Arizona prior to the happening of the accident. Evidence was introduced on the trial of this action in an effort to show that notwithstanding the apparent relationship between Harvey and plaintiff arising out of the lease agreement, at the time of the accident Harvey was actually an independent contractor and not an employee of plaintiff. Upon such evidence the trial court found that Commercial was primarily liable under its policy and that Pacific's policy was secondary insurance which did not attach

or become collectible until the limits of Commercial's policy had been exhausted.

The contention of Commercial that the finding or conclusion of the trial court to the effect that its policy afforded primary coverage and Pacific's secondary coverage is not supported by the evidence and is contrary to law must be sustained. So far as plaintiff is concerned, the risk covered by each policy was the same. The Commercial policy afforded plaintiff insurance against loss resulting from any liability arising out of the maintenance or use of the Chevrolet truck. By the Pacific policy plaintiff was insured against loss resulting from any liability arising out of the operation of any truck, although it was not specifically described in the policy. While it is true that the Commercial policy covered Harvey as well as plaintiff, there can be no doubt so far as plaintiff is concerned that the risks covered by both policies were coextensive. If the policies had in effect the same coverage, neither could be primary but both insurers were jointly liable. Each policy provided expressly that if the assured carried other insurance against a loss covered by the policy then the insurer would not be liable for a larger proportion of the entire loss than the amount payable under its policy bore to the total amount of collectible insurance. Neither contained any provision to the effect that the insurance afforded thereby was to be considered as excess insurance in the event the assured carried other collectible insurance covering the same loss. The effect of the trial court's decision, however, is to read such a provision into the policy issued by Pacific.

To construe the Pacific policy as excess insurance is to give it a construction entirely inconsistent with the express terms of the policy. Provisions for either *pro rata* or excess insurance are based upon the same circumstance, i. e., the existence of other valid and collectible insurance covering the same loss. It is obvious that if insurance is *pro rata* it cannot at the same time be excess insurance as to the same loss. The effect of a provision for the proration of an insurance loss is to require the several insurers of the same risk to share the total loss. If a policy be considered as excess insurance the idea of sharing the loss is negatived, for the excess insurer is liable only for the amount of the loss

in excess of the limits of other valid and collectible insurance covering the same loss. By holding that Pacific was an excess or secondary insurer the trial court completely vitiated the provision for the proration of loss as expressed in the policy. ■ An insurance policy is to be construed like any other contract, and where there is no ambiguity in the language used it must be construed in accordance with the intention of the parties. (*Rankin* v. *Amazon Ins. Co.*, 89 Cal. 203 [26 Pac. 872, 23 Am. St. Rep. 460].) ■ The intention of the parties to the Pacific policy, as expressed in the provision for proration of the loss, being unambiguous, must govern. Had the parties intended the Pacific policy to be excess insurance it would have been a simple matter to express such intention by appropriate language in the policy. Not having done so, they are bound by the express terms of the policy.

■ Pacific contends that the *pro rata* provision in the Commercial policy is void since it conflicts with an endorsement which was inserted in such policy in order to comply with section 215 of the Federal Motor Carrier Act of 1935 (49 U. S. C. A., sec. 315). This section so far as is here material provides that no permit shall be issued to a motor carrier until such carrier complies with the regulations prescribed by the Interstate Commerce Commission concerning insurance. Under the authority of the act the commission has ordered that policies of public liability insurance covering motor carriers must contain the following endorsement: "Nothing contained in the policy or any other endorsement thereon, nor the violation of any of the provisions of the policy or of any endorsement thereon by the Insured, shall relieve the Company from liability hereunder or from the payment of any such final judgment." The foregoing endorsement was included in the Commercial policy. Pacific maintains that this endorsement is repugnant to the provision for proration of liability in the event of other insurance, and that since the requirement of the law must prevail, Commercial is absolutely liable to the limits of its policy. The argument would be sound if the judgment creditors of plaintiff in the Arizona actions were suing upon the insurance policy, for by the terms of the Motor Carrier Act the coverage is required as "security for the protection of the public". (*William Atkin Co.* v. *National Liberty Ins. Co.*,

168 Misc. 334 [5 N. Y. Supp. (2d) 863].) But here the insured is ·seeking to recover on the policy. Therefore the rights of the parties must be determined by the terms of their contract and not by the provisions of a law which is designed to protect the interests of the public. In this respect it is important to note that the policy specifically provided that as between the insured and the insurer the terms of the policy were to govern as though the endorsement required by law had not been attached, and that if the insurer was required to pay any claim which it would not have been required to pay except for such endorsement, it was entitled to be reimbursed by the insured for such payment. As between themselves the parties were entirely competent to limit the liability in any manner they saw fit, although under the law such limitation would be invalid as to an injured claimant under the policy.

 Pacific contends that Harvey was primarily liable, that plaintiff was secondarily liable and that the judgment correctly determines the respective liabilities. No California case is cited in support of this proposition and we know of no law in this state fixing degrees of liability in relation to the joint liability for torts. From the fact that an action to recover damages for injuries resulting from the negligence of an employee may be maintained against either the employer or the employee alone (*Schilling* v. *Central California Traction Co.*, 115 Cal. App. 30 [1 Pac. (2d) 53]), or against both jointly, it would seem that there could be no such thing as primary and secondary liability. Moreover, the court made no finding on the issue of primary and secondary liability as between Harvey and plaintiff, and in fact made no finding concerning the relationship existing between Harvey and plaintiff out of which the latter's liability arose. In view of our conclusion that both policies insured the same risk so far as plaintiff is concerned, the fact that plaintiff's liability may have been primary or secondary becomes immaterial. Regardless of the nature of such liability, any loss resulting therefrom was covered by both insurers.

Judgment reversed.

WOOD, J., Dissenting.—I dissent. In my opinion we correctly decided the issues of this appeal in the original opinion filed on April 30, 1941. It is as follows:

Plaintiff commenced this action to recover under two policies of insurance issued respectively by the Commercial Standard Insurance Company and Pacific Employers Insurance Company hereinafter referred to respectively as Commercial and Pacific. A judgment for $14,522.21 was entered in favor of plaintiff and against Commercial and Pacific, which provided that it was to be first satisfied against Commercial to the extent of the limit of liability under its policy ($9,561.10) and that the balance of the judgment was to be satisfied against Pacific. From this judgment Commercial has appealed.

Commercial issued a policy of public liability insurance wherein it agreed to insure M. L. Harvey "and/or" Consolidated Shippers, Inc., plaintiff herein, against any loss arising from or resulting from the ownership, maintenance or use of a certain Chevrolet truck which was owned by Harvey. The limits of liability under Commercial's policy were $5,000 for property damage and $10,000 for injury to or death of more than one person. A non-ownership policy of public liability insurance was issued by Pacific under the terms of which plaintiff alone was insured against loss by reason of any liability imposed by law resulting from the operation of all automobiles and trailers other than those owned by plaintiff which were transporting merchandise on a contract basis for the account of plaintiff. The liability under Pacific's policy was specifically limited to such loss as might result to plaintiff from the operation of trucks and trailers by independent contractors who had executed a prescribed form of hauling contract. The limits of liability under Pacific's policy were $5,000 for property damage and $100,000 for injury to or death of more than one person. Each policy contained a provision for the proration of insurance providing in effect that if the assured carried other insurance against the same loss the insurer would not be liable for a larger proportion of the entire loss than the amount named in the policy bore to the entire amount of collectible insurance.

The yearly premium charged by Commercial for its insurance was $275. Pacific charged a yearly premium of $263.33 for its insurance. The insurance afforded by Commercial's policy specifically covered any liability arising out of the operation of one truck only. Pacific's policy, however, covered liability arising out of the operation of any trucks or

trailers operated by independent contractors for plaintiff with no limitation whatever as to the number of trucks or trailers. The evidence shows that while Pacific's policy was in force it actually covered any liability of plaintiff arising out of the operation of four different trucks owned by independent contractors.

During the time that both policies were in effect Harvey, while transporting merchandise in his Chevrolet truck as an independent contractor on a contract basis for the account of plaintiff, became involved in an accident in the State of Arizona which resulted in the death of two persons. Two actions to recover damages for the death of such persons were commenced in Arizona against Harvey and plaintiff herein. Prior to the trial of such actions the parties stipulated without admitting liability that compromise judgments might be entered in favor of plaintiff in each action and against both defendants for an aggregate amount of $11,600. The judgments which were accordingly entered were satisfied in full by plaintiff herein. Both Commercial and Pacific were notified of the accident and of the filing of the Arizona actions. Pacific denied liability and refused either to investigate or defend the actions. Commercial did investigate the accident and entered upon the defense of the actions but withdrew its defense prior to the entry of the judgments and refused to proceed further. By this action plaintiff sought to recover the amount which it had paid in satisfying the Arizona judgments and in addition attorney's fees and costs incurred in defending such actions.

In order to comply with the provisions of the Arizona law, which required a lease agreement when an interstate motor carrier, operated equipment not owned by the carrier, Harvey entered into an agreement with plaintiff by the terms of which he purported to lease his Chevrolet truck to plaintiff. This lease agreement had been executed and filed in Arizona prior to the happening of the accident. Although the trial court made no findings concerning the relationship existing between Harvey and plaintiff, and therefore no finding as to the manner in which plaintiff's liability arose, it concluded that Commercial was primarily liable for plaintiff's loss and that Pacific's policy was secondary insurance which did not attach or become collectible until the limits of Commercial's policy had been exhausted.

It is earnestly contended by Commercial that the finding and conclusion of the trial court to the effect that Commercial's policy afforded primary coverage and Pacific's secondary coverage is not supported by the evidence and is contrary to law, but we find ample evidence to sustain the ruling of the trial court which is attacked by Commercial. Although both policies contained provisions for the proration of loss in the event that other insurance existed covering the same loss, such provisions did not become effective in the instant case for the reason that the policies did not cover the same loss. Commercial's policy covered the primary liability of Harvey arising out of the operation of the Chevrolet truck which he owned and extended coverage to plaintiff for any liability which it might incur as a result of such operation. The insurance afforded by Pacific's policy did not cover the primary liability of Harvey but insured only the secondary liability of plaintiff resulting from the operation by independent contractors of trucks not owned by·plaintiff. Under such circumstances the trial court was justified in inferring that the two policies were not concurrent or coextensive because they did not cover the same risk with sufficient identity of scope and purpose.

There are additional reasons why the judgment appealed from must be affirmed. From the fact that Commercial charged a premium of $275 for the coverage of Harvey's Chevrolet truck and that Pacific charged but $263.33 to insure plaintiff against liability arising out of the operation of at least four trucks including Harvey's, it may fairly be inferred that the parties intended Commercial's policy to afford primary coverage and Pacific's secondary or excess coverage. It would be unreasonable to assume that, in view of the fact that Pacific's premium charge for each truck covered was less than one-fourth of the premium charged by Commercial, the parties to the Pacific contract intended that Pacific would incur the same liability as was incurred by Commercial. (For a discussion of the matter of the disparity in the premiums charged in determining which of two insurers is primarily liable, see vol. 7, Ins. Decs., p. 315.)

Where as here the coverage afforded by the two insurance policies is not limited to the same subject matter and the risk involved is not identical or coextensive, in determining which is actually primary or basic insurance and which is second-

ary or excess insurance the court may properly decide which insurance is general and which is specific in its nature. As a general rule that insurance which is specific is held to be primary and that which is general, secondary or excess insurance. (*Hartford Steam Boiler I. & Ins. Co.* v. *Cochran O. M. & G. Co.*, 26 Ga. App. 288 [105 S. E. 856]; *Commercial Cas. Ins. Co.* v. *Hartford Acc. & Indem. Co.*, 190 Minn. 528 [252 N. W. 434, 253 N. W. 888].) Unquestionably the Commercial policy afforded specific insurance for it covered the operation of Harvey's Chevrolet truck only and covered the liability of Harvey, who was the primary tort feasor, and although it extended coverage to plaintiff it covered no other risk nor any other person. Pacific's policy on the other hand was general in nature since it did not specifically cover the truck involved in the accident nor did it cover the liability of the primary tort feasor. The coverage which was afforded plaintiff by Pacific's policy was not limited to any particular truck or trucks but applied generally to all trucks operated by independent contractors in plaintiff's employ. The trial court properly concluded that Commercial was primarily liable and Pacific secondarily liable.

Respondent's petition for a hearing by the Supreme Court was denied August 7, 1941.