Janson, Appellant, *v.* General Mutual Fire Insurance and Reinsurance Co.

Argued November 21, 1950. Before DREW, C. J., STEARNE, JONES, LADNER and CHIDSEY, JJ.

*Abe J. Goldin,* with him *M. Stuart Goldin* and *Goldin & Goldin,* for appellants.

*A. Bernard Hirsch,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 2, 1951:

The appeal is from a judgment for defendant in a suit against a fire insurance company upon its insurance policy. The answer to a question of law is determinative of the issue, viz.: whether there was a breach of warranty concerning the use of the building insured.

Item 1 of Form No. 4, attached to and forming part of the fire insurance policy, titled "Building and Contents Form", provides as follows: "Item 1. $5,000 on the Brick story Building with approved roof, occupied for Manufacturing of Clothing *or other purposes not more hazardous.*" (italics supplied)

It is conceded that at the time of the issuance of the insurance policy, and at the time of the fire, no part of the insured premises was used for manufactur-

ing of clothing. It is admitted by the plaintiffs in the pleadings, and was so found by the trial judge: ". . . that at the time the policy was written and at the time of the loss, the building was used as a furniture workshop, a restaurant, a syrup company, a venetian blind company, a manufacturing seat covering company, a paint company, and a moving and storage company."

The learned court below ruled: "The statement in the policy, or in the application which was part of it, amounted to a warranty that the building would be used *for the manufacture of clothing.* Actually there was no clothing manufacturer in the building. This was a breach of warranty on the part of plaintiffs, and they cannot recover, when the fact warranted is found not to exist." (italics supplied)

With this ruling we disagree. Plaintiffs did not warrant that the building was to be exclusively or even partially used "for manufacturing of clothing"; upon the contrary, the use was expressly stated to be in the *alternative,* viz.: ". . . for *Manufacturing of Clothing OR other purposes not more hazardous"* (emphasis supplied). A reading of the words of this clause, which must be construed most favorably to the insured (*Morris v. American Liability & Surety Company,* 322 Pa. 91, 185 A. 201, and cases therein cited), clearly refutes a construction of the contract which would require the use of the building, or at least part of it, for manufacturing of clothing. The effect of the plain langauge employed is to provide for use of the building *either* for manufacturing clothing *or* for other purposes not more hazardous.

A question of fact, however, remains: was the conceded use more hazardous than that of manufacturing of clothing? This fact must be resolved by the appropriate fact-finding tribunal.

Judgment reversed with a *procedendo.*