## Harleysville Mutual Casualty Co. v. United States Fidelity and Guaranty Co.

*Edward W. McTague*, for plaintiff.

*Anderson & Stewart*, for defendant.

ATKINS, P. J., November 20, 1961.—This is an action by plaintiff insurance company, hereinafter called Harleysville, to recover from defendant insurance company, hereinafter called U. S. F. & G., 50 percent of a judgment paid by Harleysville.

The facts, as stipulated, are that one Daryl Jones, while driving an automobile owned by James D. and Beverly Wilson, was involved in an accident on March 30, 1958. Jones was driving the Wilson automobile without the consent of the Wilsons, the owners.

At the time of the accident, Jones was a member of the household occupied by his father, Melvin I. Jones, and his mother, Miriam L. Jones. At this time, there were in force and effect with the father and mother, two liability insurance policies. The one policy, issued on September 21, 1957, was by Harleysville to the father. The other policy, issued on October 8, 1957, was by U. S. F. & G. to the mother.

Both policies contained the following insuring clauses:

"The following are Insureds under Part I . . .

"(b) With respect to a non-owned automobile,

"(1) the named Insured,

"(2) any relative, but only with respect to a private passenger automobile or trailer not regularly furnished for the use of such relative;"

The other parties involved in the accident with Jones brought suit against him for their damages. Default judgment was taken for lack of an appearance. Thereupon, Harleysville paid the judgment holders the sum of $1,967 in satisfaction of the judgments. It now seeks 50 percent of this amount from U. S. F. & G.

U. S. F. & G. first contends that the language of the policy was intended to give coverage only where the operation of an automobile is with the owner's consent; and not where the automobile is used without the owner's permission or consent.

The law is well established that an insurance policy is construed strictly against the insurer: Morris v. American Liability & Surety Co., 322 Pa. 91; Janson v. General Mutual Fire Insurance and Reinsurance Co., 366 Pa. 229.

Nonpermissive use is no stranger to the experience of liability insurance companies. Indeed, in the clause immediately preceding the one in question here, U. S. F. & G. extends insurance coverage on the owned automobile to the named insured and residents of insured's household. As respects other persons, however, it limits coverage to their using the owned vehicle with the permission of the named insured.

U. S. F. & G. failed to limit the coverage on non-owned automobiles to cases where the owner permitted the use, as it could well have done. Such a limitation cannot now be implied.

The next contention of U. S. F. & G. is that to extend such coverage would be insurance against the results of an illegal act and, therefore, void as against public policy. We do not agree.

It is undoubtedly true a bargain is illegal if either its formation or its performance is criminal, tortious, or otherwise opposed to public policy: Restatement, Contracts, §512.

The extension of liability insurance to the operation of vehicles without the owner's consent does not make the insurance contract illegal either in its formation or performance.

The insurer here has been called upon to indemnify Jones "against the consequences of [his] negligence in the operation of a motor vehicle, not against the criminal consequences stemming from [his] wilful appropriation of the vehicle. The manner in which [he] acquired the vehicle had nothing to do with [his] liability for its negligent operation": Sperling v. Great American Indemnity Company, 7 N. Y. 2d 442, 451, 166 N. E. 2d 482, 487.

It may be further observed that the purpose of automobile liability insurance is not only to indemnify the insured; it is also to protect the public. This is the underlying principle in compulsory insurance and financial responsibility statutes relating to the operation of motor vehicles.

The final question concerns the relative responsibilities of the two insurance policies for the loss incurred. Here, too, both policies have identical language:

"Other Insurance. If the Insured has other insurance against a loss covered by Part I of this policy, the Company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; *provided, however,*

*the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance."*

We are in accord with Oregon Auto. Ins. Co. v. United States Fidelity & Guaranty Co., 195 F. 2d 958, 960 (C. C. A., 9), where it was pointed out that " 'the other insurance' provisions of the two policies are indistinguishable in meaning and intent. One cannot rationally choose between them . . . Here where both policies carry like 'other insurance' provisions, we think [they] must be held mutually repugnant and hence be disregarded. Our conclusion is that such view affords the only rational solution of the dispute in this case . . ."

This view was followed in Grasberger v. Liebert & Obert, Inc., 134 Pa. Superior Ct. 78, 82. The subsequent reversal of this case by the Supreme Court in Grasberger v. Liebert & Obert, Inc., 335 Pa. 491, 496, was based on a different insuring provision in one of the policies. The Supreme Court pointed out, referring to Gale v. Motor Union Insurance Co., 96 L. J. R., K. B. 199:

". . . This case, which was relied upon by the Superior Court, thus contained a factor which is absent from the present situation, and—what especially distinguishes it—neither policy insured only that part of the loss which was in excess of the coverage of the other."

Accordingly, we enter the following

## Decree

And now, November 20, 1961, it is ordered and decreed that judgment be entered against United States Fidelity & Guaranty Company, defendant, in favor of Harleysville Mutual Casualty Company, plaintiff, in the sum of $983.50.

Exception to defendant.