[Civ. No. 17671. Second Dist., Div. Two. Feb. 8, 1951.]

EMPLOYERS LIABILITY ASSURANCE CORPORATION OF LONDON, ENGLAND (a Corporation), Respondent, v. PACIFIC EMPLOYERS INSURANCE COMPANY (a Corporation), Appellant.

Betts, Ely & Loomis for Appellant.

Crider, Runkle & Tilson for Respondent.

WILSON, J.—Employers Liability Assurance Corporation of London, hereinafter referred to as Employers, brought this action for declaratory relief to determine its liability and that of defendant Pacific Employers Insurance Company, hereinafter referred to as Pacific, under policies of insurance written by each company providing public liability insurance for defendant Salvation Army. From a judgment construing the policies and determining the liability of each of the respective insurance companies, defendant has appealed.

The Pacific policy, which is designated a "Comprehensive Liability" policy of insurance, provides damage indemnity for (1) automobile bodily injury, (2) automobile property damage, (3) bodily injury other than automobile, and (4) product and products liability. By an endorsement attached to the policy, coverage for items (1) and (2) was excluded as to automobiles owned or hired by the Salvation Army. Notwithstanding these exclusions, however, Salvation Army had coverage under the policy for automobile bodily injury and automobile property damage arising out of and caused by any automobile not owned or hired by it and while being driven by an employee in the course of his employment. The limit of liability of the policy is $100,000 for one injured person.

The Employers policy is designated as a "Standard Automobile Combination Policy," and covers damages from bodily injuries from owned cars, hired cars, loaned cars, and, by Endorsement No. 4, from injuries arising from the use of nonowned automobiles driven by employees of the Salvation

Army in the course of their employment. The limit of liability provided for in the policy is $25,000 for one injured person.

Defendant Eldin K. Tobin was an employee of the Salvation Army. On April 15, 1947, while driving an automobile owned by him, and while acting within the scope of his employment, Tobin collided with another automobile in which defendant Margaret Jones was riding as a passenger. A separate action has been filed by Margaret Jones against Tobin and the Salvation Army in which she seeks a judgment in the amount of $109,600 for personal injuries alleged to have been sustained by her in the accident.

At the time of the accident Tobin carried liability insurance covering his automobile with the Phoenix Indemnity Company. Under the terms of the policy Tobin and the Salvation Army, if it were liable, were insured against bodily injuries caused by the ownership, use or maintenance of the specified automobile. The Phoenix Indemnity Company admits its liability up to its policy limit of $10,000 for any judgment which may be rendered in the action brought by Margaret Jones.

The controversy between Employers and Pacific, both of whose policies were in force at the date of the accident, is as to which company is required by the provisions of their respective policies of insurance to pay the excess of any judgment over $10,000 which may be rendered in favor of defendant Margaret Jones and against defendant Salvation Army.

The policies of Employers and Pacific each contain "other insurance" clauses. Condition "H" of the Pacific policy reads as follows: "Other Insurance: If other valid insurance or indemnity exists protecting the Insured or any person or organization entitled to protection hereunder, from liability for bodily injuries, sickness, disease, or death or for damage to property of others, this policy shall be null and void in respect of such specific hazard otherwise covered, whether the Insured is specifically named in said other policy or not; provided, however, that if the limits of insurance in this policy are in excess of the limits provided by said other insurance, this policy shall provide excess insurance against said hazard in an amount sufficient to give the Insured a combined amount of protection equal to the limits of this policy."

Provision No. 4 of Endorsement No. 4 of the Employers

policy reads: "The insurance shall be excess insurance over any other valid and collectible insurance available to the Insured, either as an insured under a policy applicable with respect to the nonowned automobile, or otherwise, against a loss covered hereunder."

The trial court found that each of the policies provides excess insurance and that Employers and Pacific are concurrent insurers for liability which may be imposed on defendant Salvation Army in excess of $10,000; that as concurrent insurers each is liable in the proportion which the collectible amount of each policy bears to the total collectible amount of excess insurance; that the collectible amount under Employers' policy is $25,000 and under Pacific policy is $90,000; that Employers is liable for 25/115ths and the liability of Pacific is 90/115ths of any judgment against defendant Salvation Army in excess of $10,000 in an action arising out of the accident, the total liabilities of Employers and Pacific not to exceed $25,000 and $90,000 respectively.

Appellant Pacific contends that the Employers policy, in addition to the Phoenix Indemnity policy, constitutes "other valid insurance or indemnity" within the meaning of that term in condition "H" of appellant's policy; that by reason thereof its policy is "null and void" except in the event of a judgment against defendant Salvation Army in excess of $35,000, which is the aggregate limit of the Phoenix Indemnity and the Employers policies.

Appellant's policy stipulates that it shall be null and void if "other valid insurance or indemnity exists" but that it shall provide excess insurance over limits provided by such other insurance. Employers policy stipulates that it shall be excess over any other valid and collectible insurance.

Appellant concedes that the only other "valid and collectible insurance" in this case is the insurance provided by the Phoenix Indemnity policy. The insurance afforded by Employers policy is, therefore, excess insurance and the excess insurance provided by that policy is not "valid insurance . . . protecting the insured" under the terms of condition "H" of Pacific's policy. (*Air Transport Mfg. Co., Ltd.* v. *Employers' Liab. etc. Corp.*, 91 Cal.App.2d 129, 133 [204 P.2d 647]; *Zurich General Acc. & Liab. Ins. Co.* v. *Clamor*, 124 F.2d 717, 720.) It follows, therefore, that both Employers and Pacific policies provide excess insurance and as such they become concurrent insurers for liability which may be imposed on defendant Salvation Army in excess of $10,000.

Appellant maintains that even assuming that each of the policies constituted excess insurance, Employers' policy is specific in nature whereas that of appellant is comprehensive or general and therefore the liability of Employers is primary and that of appellant is secondary. This contention is not supported by the cases cited by appellant, which are readily distinguishable from the instant case.

In *Commercial Casualty Ins. Co.* v. *Hartford Accident & Indemnity Co.*, 190 Minn. 528 [252 N.W. 434, 253 N.W. 888], the plaintiff issued its automobile policy to Strom, an independent contractor and the owner of the truck involved in the accident. The policy contained the clause: "If any other person, firm or corporation included in this insurance is covered by valid and collectible insurance against a claim also covered by this policy, such other person, firm or corporation shall not be entitled to indemnity or protection under this policy." Defendant issued its policy to a contractor, Hanlon & Okes, at a reduced premium because the policy constituted excess coverage only "with respect to use in connection with the assured's business of automobiles and tractors hired or owned by independent contractors." The policy provided that if the assured was covered under a policy taken out by the owner of the automobile, the policy should be excess coverage over and above the valid and collectible insurance taken out by the owner. The court held that the primary liability was on Strom and the insurer of that risk was plaintiff. The secondary liability was upon Hanlon & Okes. The primary insurer having paid the entire loss was not entitled to contribution from defendant, whose insurance was secondary or excess. The court stated that the defendant's policy "in limitation of its coverage to the interest of Hanlon & Okes to liability resulting from the use in their business of the motor equipment of subcontractors" was more specific and narrowing in effect and the two policies did not cover the same risk with enough identity of scope and purpose to be concurrent. ▮ The theory that the insurer covering the primary tort feasor is liable to its policy limits and the insurer covering the secondary tort feasor is liable for excess insurance only has been rejected in California. (*Consolidated Shippers, Inc.* v. *Pacific Emp. Ins. Co.*, 45 Cal.App.2d 288 [114 P.2d 34]; *Air Transport Mfg. Co., Ltd.* v. *Employers' Liability etc. Corp.*, 91 Cal.App.2d 129 [204 P.2d 647].) Moreover, in the instant case, neither appellant nor respondent insured the party driving the car involved in the accident.

In *Trinity Universal Ins. Co.* v. *General Accident etc. Corp.*, 138 Ohio St. 488 [35 N.E.2d 836], defendant's policy covered any accident on the assured's premises but contained a limitation that if the assured carried other insurance against a loss arising out of an accident also covered by its policy, and if an accident occurred within or upon the insured premises and was due either directly or indirectly to an automobile, defendant's policy should be excess insurance. The policy issued by plaintiff provided only automobile insurance and specifically covered the truck which was involved in the accident on the assured's premises. The policy provided that if the assured had other insurance against a loss covered by that policy, then defendant's policy provided pro rata insurance only. The court stated that the plaintiff's policy was specific and that of defendant was general; that under the general rule, the specific insurer is primarily liable; that it was also of importance that defendant's policy was the only one mentioning excess insurance; that although the policy covered generally all bodily injuries occurring accidentally anywhere on the premises of the insured, it excluded injuries if caused by a truck on the premises at a time when there was other coverage on the truck; that in that event liability was expressly limited to any excess above the maximum provided in the other policy.

In *Hartford etc. Inspection Co.* v. *Cochran etc. Co.*, 26 Ga.App. 288 [105 S.E. 856], the Hartford policy provided steam boiler insurance primarily covering property damage claims and secondarily provided protection in case of injury to persons. The Georgia Casualty Company issued its policy to the same assured protecting it against claims of injured employees. An employee of the assured was injured through a boiler explosion. The court stated that the only point of contact, the only contingency under which both policies became applicable, was where an employee was injured on account of a boiler or pipe explosion; that for the purposes of comparison the various elements and provisions of the two contracts would be disregarded except as they bore upon or related to the happening of the one contingency under which each policy might be held primarily or secondarily liable; that upon an employee's being injured by a boiler explosion the Hartford Company was liable first and primarily for the inevitably resulting property loss and, should there be a surplus of insurance left over, it was liable for injuries both

to employees and nonemployees; that the liability of the Casualty Company was limited solely to personal injuries to employees; therefore, in any case where both of the policies could possibly take effect, the liability of the Hartford Company for personal injuries was general while that of the Casualty Company was specific.

In the instant case appellant's policy, while it is designated a comprehensive policy, and indeed in its coverage is more general than that of respondent, nevertheless specifically covers the very claims covered by respondent's policy. Appellant's policy covers liability for automobile bodily injury, the insuring agreement reading as follows: "(1) Bodily injury, sickness or disease, including death at any time resulting therefrom (including damages for care and loss of services) suffered or alleged to have been suffered by any person or persons arising out of the ownership, maintenance or use of automobiles, including loading and unloading thereof." Paralleling this, respondent's policy, in Insuring Agreement I, provides: "Coverage A—Bodily Injury Liability. To pay on behalf of the Insured, all sums which the Insured shall become obligated to pay by reason of the liability imposed on him by law for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile."

With respect to such injuries the policy of Pacific was, if anything, more narrowing in effect than was that of Employers. The latter policy covered owned cars, loaned cars and nonowned cars when driven by an employee of Salvation Army. Upon the other hand, the Pacific policy excluded in its coverage automobiles owned or hired by Salvation Army. At the point of contact, however, the risk covered is identical since each policy specifically covers bodily injuries arising out of the ownership, maintenance or use of automobiles. Inasmuch as the policies had in effect the same coverage, neither could be primary but both insurers are jointly liable. (*Consolidated Shippers, Inc.* v. *Pacific Employers Ins. Co.*, 45 Cal.App.2d 288, 291 [114 P.2d 34].)

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 5, 1951.