**CONTINENTAL CASUALTY COMPANY, an Illinois corporation,
Plaintiff,**

**v.**

**ST. PAUL MERCURY FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation, Defendant.**

**Civ. No. 8026.**

United States District Court
S. D. Florida,
Miami Division.
June 16, 1958.

Carey, Goodman, Terry & Dwyer, Miami, Fla., for plaintiff.

Brown, Dean, Adams & Fischer, Miami, Fla., for defendant.

CHOATE, District Judge.

This cause came on before the Court on the 25th day of April, 1958, on Motion for Judgment on the Pleadings, filed by the plaintiff Continental Casualty Company, and Motion for Leave to Add Fourth Defense, and Motion for Summary Judgment, filed by defendant St. Paul Mercury Fire and Marine Insurance Company.

█ The Court granted said Motion for Leave to Add Fourth Defense but took under advisement plaintiff's Motion for Judgment on the Pleadings, and defendant's Motion for Summary Judgment. Both parties agreeing as to the facts and admitting that only a question of law was involved, the Court proceeded to examine the pleadings and memoranda of counsel, and the proposed Fourth Defense of defendant, and being fully advised, the Court is of the opinion that there is no genuine issue as to any material fact and that Summary Judgment should be granted as to the rights of the parties herein.

Briefly, the facts in this case disclose that on March 31, 1957, suit was filed in the Eleventh Judicial Circuit in and for Dade County Florida against one Fred L. Thexton, Hertz Corporation and another, alleging negligence on the part of the said Fred L. Thexton in the operation of a motor vehicle owned by defendant Hertz Corporation. The motor vehicle in question was insured by plaintiff, Continental Casualty Company under the terms of a liability insurance policy entitled "Driverless Car Liability Policy." Among the provisions of the policy was a condition which provided as follows:

"16. Other Insurance. The insurance under this policy shall be excess insurance over any other valid and collectible insurance available to the insured, either as an insured under another policy or otherwise."

At the time of his alleged negligence, Fred L. Thexton was insured by the defendant St. Paul Mercury Fire and Marine Insurance Company under the terms of a Family Automobile Liability Insurance Policy. The defendant's policy insured the said Fred L. Thexton against liability while operating his own vehicle or any other. However, the policy provided further substantially as follows:

"Other Insurance: If the insured has other insurance against a loss covered by Part III of this policy, the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability of this policy bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance."

Subsequent to suit being brought against Thexton, plaintiff brought this suit under the provisions of the Federal Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202, to determine the respective rights of the plaintiff and defendant insurance companies.

The two automobile policies involved in this case require each company to defend the driver of the vehicle, and to pay any recovery up to the limits of each policy. However, each policy provides that if there be other insurance, each shall be responsible only for the excess over any other valid and collectible insurance. Manifestly, there can be no excess if neither insurance company be originally responsible. Certainly, it was not the intent of the parties to provide that a second policy should extinguish the liability on both. Therefore, the two clauses cannot survive. See Oregon Auto. Ins. Co. v. United States Fidelity & Guaranty Co., 9 Cir., 1952, 195 F.2d 958; see, also, Continental Casualty Company v. Weekes, Fla.1954, 74 So.2d 367, wherein the general reasoning in the Oregon case to the effect that such clauses are mutually repugnant received favorable comment of the Florida Court.

Here there is no reason to apply any primary and secondary liability rule since both insurance companies are plainly primarily liable to Thexton when the excess clauses are eliminated.

█ Since both insurance companies (plaintiff and defendant) are liable, the next question is in what manner should liability be enforced? Both are re-

sponsible to defend on behalf of Thexton, but what obligation must each assume in respects to a recovery against Thexton? Under the terms of the policy issued by defendant St. Paul Mercury Fire and Marine Insurance Company, it is not liable for a greater proportion of such loss than the applicable limit of liability that their policy bears to the total applicable limit of liability of all valid and collectible insurance. Such a provision is effective to limit that company's liability, and defendant St. Paul Mercury Fire and Marine Insurance Company will be liable only to pro-rate its contribution in proportion to the amount its respective insurance policy bears to the total amount of the combined policies.

A final problem might arise in this type of case in the matter of contribution between insurers. It is generally held that if neither policy contains a pro-ration clause, then an insurer may compel contribution from the other insurer if the same risk or property and interest were insured. See Home Insurance Company v. Baltimore Warehouse Company, 93 U.S. 527, 23 L.Ed. 868. In this case, only one policy, that of defendant, contains such a clause. Therefore, plaintiff should be entitled to a contribution from defendant only of its proportionate share.

Therefore, it is

Ordered and Adjudged and Declared that it is the obligation of the defendant, St. Paul Mercury Fire and Marine Insurance Company, a Minnesota corporation, to assume its pro-rata share of the defense of the said Fred L. Thexton in that suit now pending in the Eleventh Judicial Circuit of Dade County, Florida, and in the event of a judgment being entered against the said Fred L. Thexton, it is

Further Ordered and Adjudged and Declared that the defendant St. Paul Mercury Fire and Marine Insurance Co., a Minnesota corporation, is obligated to contribute its pro-rata share of said judgment, but not beyond its policy limits.