**FACTORY MUTUAL LIABILITY INSUR-
ANCE COMPANY OF AMERICA,
Appellant,**

v.

**CONTINENTAL CASUALTY CO.,
Appellee.**

No. 17631.

United States Court of Appeals
Fifth Circuit.

June 29, 1959.

Joseph F. Bowen, Jr., Willis H. Flick, T. J. Blackwell and Blackwell, Walker & Gray, Miami, Fla., for appellant.

Raymond J. Dwyer, Carey, Goodman, Terry, Dwyer & Austin, Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

PER CURIAM.

This action is between casualty insurers for a declaratory judgment to determine their respective rights and liabilities. The case was submitted to the district court on an agreed statement of facts as follows:

"On or about the 1st day of January, 1957, the defendant, Factory Mutual Liability Insurance Company of America, entered into a written contract with Hazel P. Swanson, whereby the defendant insured the said Hazel P. Swanson for a period of one year against liability for bodily injury and for property damage caused by accidents and arising

out of the ownership, maintenance, or use of a 1955 Oldsmobile-8 Sedan, which automobile was to be garaged in the City of Winchester, State of Massachusetts.

"The contract of insurance issued by the defendant to Hazel P. Swanson contained provisions, among others, reading as follows:

" 'V. Use of Other Motor Vehicles. Coverages B, C and D. If the named insured is an individual or husband and wife and if during the policy period such named insured, or the spouse of such individual if a resident of the same household, owns a private passenger motor vehicle covered by this policy, such insurance as is afforded by this policy under coverages B, C and division 2 of coverage D with respect to said motor vehicle applies with respect to any other motor vehicle, subject to the following provisions:

" '(c) This insuring agreement does not apply:

" '(1) to any motor vehicle owned by or furnished for regular use to either the named insured or a member of the same household other than a private chauffeur or domestic servant of such named insured or spouse;'

"Condition number 11 reads as follows:

" 'Other Insurance. Coverages A, B and C.

" 'If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to temporary substitute motor vehicles under Insuring Agreement IV or other motor vehicles under Insuring Agreement V shall be excess insurance over any other valid and collectible insurance.'

"During February of 1957, the plaintiff, Continental Casualty Company, had in force a contract of insurance with Alexander's Rent-A-Car, Inc., which contract afforded liability insurance in amount of $50,-000 for each person injured, up to a limit of $100,000 for each accident for bodily injuries, and $5,000 for property damage caused by accident involving any automobile rented by Alexander's Airlines Rent-A-Car, Inc., and being driven by a renter.

"On or about the 14th day of February, 1957, Hazel P. Swanson left her 1955 Oldsmobile in Winchester, Massachusetts, and took a plane from Winchester, Massachusetts, to Miami, Florida, where she intended to remain and did remain for a period of several months.

"Upon arrival in Miami, Florida, on February 14, 1957, Hazel P. Swanson entered into a contract with Alexander's Airlines Rent-A-Car, Inc., whereby they agreed to furnish to her for her exclusive use for a period of three weeks a 1957 Chevrolet Sedan. Under the terms of the rental agreement there were no restrictions on the use of the Chevrolet automobile by Mrs. Swanson. The automobile was available to Mrs. Swanson for her use at any time during the three-week period. Under the terms of the agreement the liability insurance protection afforded Alexander's Airlines Rent-A-Car, Inc., under its policy with Continental Casualty Company was extended to Hazel P. Swanson as renter of the Chevrolet automobile.

"On February 14, 1957, Hazel P. Swanson drove the said Chevrolet Sedan rented from Alexander's Airlines Rent-A-Car, Inc., to Key West, Florida, and on February 15, 1957, while returning from Key West, Florida, Mrs. Swanson was involved in an accident with a motor scooter at the intersection of State Road No.

27 and Coconut Palm Drive, Dade County, Florida, which accident resulted in an injury to the person and property of the operator of the motor scooter, Robert Keith Harris."

The district court held:

" * * * The Court is of the opinion that the three week's rental by the tourist Hazel P. Swanson of the motor vehicle in question did not constitute 'regular use' within the meaning and effect of the exception contained within Defendant's insurance policy. Since both plaintiff and defendant's insurance policies contain 'excess insurance causes', they are governed by the recent decision of this Court in the case of Continental Casualty Company v. St. Paul Mercury Fire & Marine Insurance Company, [D.C.] 163 F.Supp. 325 (1958). Therefore, it is

"Ordered and Adjudged and Declared that the defendant, Factory Mutual Liability Insurance Company of America, a corporation, was an insurer of one Hazel P. Swanson under a valid policy of insurance issued by defendant to said Hazel P. Swanson at the time of the incident in controversy, and is therefore obligated under said policy of insurance to assume its pro-rata share of the defense of that suit now pending against the insured Hazel P. Swanson, and in the event of a judgment being entered against the said Hazel P. Swanson, it is,

"Further Ordered and Adjudged and Declared that the Defendant Factory Mutual Liability Insurance Company of America, a corporation, is obligated to contribute its pro-rata share of said judgment, but not beyond its policy limits."

This Court has recently written at length in a number of cases presenting similar problems. Maryland Casualty Co. v. Southern Farm Bureau Cas. Ins. Co., 5 Cir., 1956, 235 F.2d 679; Continental Casualty Company v. Suttenfield, 5 Cir., 1956, 236 F.2d 433; General Insurance Co. of America v. Western Fire & Casualty Co., 5 Cir., 1957, 241 F.2d 289; United Services Automobile Association v. Russom, 5 Cir., 1957, 241 F.2d 296; American Fidelity & Casualty Co. v. St. Paul-Mercury Indem. Co., 5 Cir., 1957, 248 F.2d 509. We find ourselves in full agreement with the district court's earlier opinion upon which it relied in the present case, Continental Casualty Company v. St. Paul Mercury Fire & Marine Insurance Co., D.C., 163 F.Supp. 325. We see no reason to write more. The judgment is

Affirmed.