REETZ and another, Plaintiffs and Respondents, v. WERCH and others, Defendants: CONTINENTAL CASUALTY COMPANY, Defendant and Respondent: VIRGINIA SURETY COMPANY, Defendant and Appellant.

*October 8—November 3, 1959.*

For the appellant there were briefs by *Kivett & Kasdorf,* attorneys, and *Harold A. Dall* of counsel, all of Milwaukee, and oral argument by *Mr. Dall.*

For the respondents Reetz there was a brief and oral argument by *Harold V. Schoenecker* of Milwaukee.

For the respondent Continental Casualty Company there were briefs by *Lowry & Hunter,* and oral argument by *Willis J. Zick,* all of Waukesha.

FAIRCHILD, J. The issue results from the presence of the "excess" clauses in the two policies. The pertinent excess clause in the Continental policy is the proviso in the "other insurance" paragraph quoted in the statement of facts. In the Virginia policy, it is the "other insurance" paragraph of the "Long Haul Truckmen" indorsement. If neither policy contained its excess clause, it is undisputed that both policies would cover the liability which the plaintiff seeks to establish.

It is not perfectly clear whether Berlin Rental Service and Werch Trucking Company were each mere trade names of E. A. Werch, but the parties have treated them as separate persons and we shall do so.

The tractor was a commercial-type vehicle leased to a person other than Berlin Rental Service, the named insured under the Virginia policy, engaged in the business of transporting property by automobile for others. Thus, the factual situation contemplated by the excess clause in the Virginia policy would be fulfilled if the tort-feasor's alleged liability to the plaintiff were covered by the Continental policy.

It is equally true, however, that under the Continental policy, this tractor was a hired automobile insured on a cost-of-hire basis. Thus, the factual situation contemplated by the excess clause in the Continental policy would be fulfilled if the tort-feasor's alleged liability to plaintiff were covered by the Virginia policy.

It follows that coverage by Continental could be a defense for Virginia only if the excess clause in the Continental policy be disregarded. Conversely, coverage by Virginia could be a defense for Continental only if the excess clause in the Virginia policy be disregarded. Any attempt to give effect to both clauses puts one on a perpetual mental merry-go-round.

Is there any rational basis for determining that effect should be given to one of the excess clauses and not to the other? We think not, and reach the only remaining alternative of giving effect to neither. In *Ermis v. Federal Windows Mfg. Co.* (1959), 7 Wis. (2d) 549, 97 N. W. (2d) 485, we considered a situation where an alleged liability might prove to be covered both by a comprehensive general liability policy issued to one named insured and by an automobile liability policy with loading and unloading coverage issued to another. We said, at page 555:

"Finally, both Bituminous and American contend that under the terms of their respective policies if there is other insurance applicable theirs is excess insurance. The provisions of both policies are substantially the same, and if there is ultimate liability so far as American is concerned, the damages must be prorated according to the amounts of the respective policies."

Although the policies were of a different type and issued to named insureds who were differently related to the activities which allegedly gave rise to liability, we made no attempt to say that one policy was primary and one secondary, or to fix upon some other criterion for granting effect to the excess clause in one policy and denying effect to the excess clause in the other. As pointed out in *Oregon Automobile Ins. Co. v. United States Fidelity & Guaranty Co.* (9th Cir. 1952), 195 Fed. (2d) 958, courts have used various criteria, *i.e.,* which policy was issued first, which policy was more specific, and which named insured was

primarily liable. We agree with the court of appeals that each of these criteria is a "relatively arbitrary circumstance." In the *Oregon Automobile Ins. Co. Case,* the offending driver was the named insured under the U. S. F. & G. policy describing his own automobile, but was driving a car owned by another and insured with Oregon. When the cause of action arose, the driver was entitled to "drive other car" coverage under the U. S. F. & G. policy, and to "omnibus" coverage under the Oregon policy. The court said that (p. 959)—

"The U. S. F. & G. policy provided, in substance, that it would prorate with other valid and collectible insurance, except that, with respect to the use by the insured of an automobile other than that named, it would be excess insurance only. The Oregon policy provided that it would prorate with other valid and collectible insurance, except that as to anyone other than a named insured, if such person had other valid and collectible insurance, then he would not be indemnified under the Oregon policy."

The court of appeals held that one could not rationally choose between these other insurance provisions; that they were mutually repugnant and must be disregarded; and that the liability must be prorated between the companies.

Virginia argues upon this appeal that the Continental policy is more general because it covers hired and non-owned automobiles not described in the policy, while the Virginia policy is more specific because it covers only described automobiles. It is argued that this is a rational basis for giving effect to the excess clause in the Virginia policy and disregarding the excess clause in the Continental policy. This argument is not persuasive. It is true that the two policies differ in the respects mentioned and others, but it seems to us more important that in drafting each policy, the parties contemplated a type of situation which was likely to arise where the operation of the vehicle would

probably be covered by other insurance. In the Virginia policy, the parties contemplated a leasing of vehicles by the named insured to others, and in the Continental policy the parties contemplated the leasing of vehicles to the named insured. The specific situation contemplated in each policy has now come about. Virginia Surety Company was not entitled to summary judgment for the reasons indicated. Because of our conclusion that the excess clauses of the policies are to be disregarded, we have not considered whether the trial judge was correct in holding that Virginia's motion for summary judgment was premature in any event.

*By the Court.*—Order affirmed.