[Civ. No. 19788.   First Dist., Div. One.   Feb. 6, 1962.]

SKIPWORTH WILMER ATHEY et al., Plaintiffs and Respondents, v. THE NETHERLANDS INSURANCE COMPANY, Defendant and Appellant.

Weinstock, Anderson, Maloney & Chase and Harold J. Chase for Defendant and Appellant.

Pelton, Gunther, Durney & Gudmundson and Harold Albert Stone for Plaintiffs and Respondents.

BRAY, P. J.—In a declaratory relief action brought to determine the character of the policies issued by plaintiff National Grange Mutual Liability Fire Insurance Co. and defendant The Netherlands Insurance Co., respectively, defendant appeals from a judgment holding its policy to be primary insurance and plaintiff National Grange's policy to be excess.

## QUESTION PRESENTED

Do both policies provide for excess insurance only, and, if so, how must the loss be apportioned?

## RECORD

There is no dispute as to the facts. The question involved requires a construction of both policies. Plaintiff Athey rented an automobile from the Hertz Co., and had an accident with another automobile in which Mollie Robinson was injured. She filed suit against both Athey and Hertz Co. At the time of the accident Athey carried insurance issued by plaintiff National, the applicable single limit of which is $50,000. Hertz carried insurance issued by defendant Netherlands, the applicable single limit of which is $25,000. The court found that Netherlands' policy provided primary insurance and that National's policy was excess insurance only over the limits of Netherlands' policy.

The provision of Athey's National policy important here follows: "If the insured has other insurance against a loss covered by Part I of this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; *provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance.*" (Emphasis added.)

The portion of the above provision applying to liability incurred by Athey while operating a nonowned automobile is that italicized. Thus, it appears that the National policy is primary insurance for any loss while Athey is operating his own automobile, but that if other insurance covers Athey, National's liability for loss while Athey is operating his own automobile is a pro rata one, to be determined in proportion to the limits of liability expressed in its and the other insurance policies. However, if other insurance covers Athey while operating a nonowned automobile, then National's policy becomes excess over the other insurance, if it is valid and

collectible. The latter provision is the one with which we are concerned.

Hertz' Netherlands policy covered Athey while operating the Hertz automobile. The applicable provision reads: "The insurance under this policy shall be excess insurance over any other valid and collectible insurance available to the insured, either as an insured under another policy or otherwise."

## BOTH POLICIES PROVIDE EXCESS COVERAGE AND MUST BE PRORATED

The Netherlands policy provided primary coverage for loss from the use of Hertz owned cars either by Hertz and its employees or by any permissive driver. The National policy provided primary coverage for use of Athey cars, by Athey or permissive users. Additionally it covered Athey while he was driving a nonowned car. The Netherlands policy differed from National in this respect: it provided no coverage for Hertz or anyone else while driving a car not owned by Hertz. Additionally there was another difference between the two policies. The National policy provided that in the event of other insurance, Athey's coverage while driving a nonowned car was only excess, although his coverage while driving his own car still remained primary. The Netherlands policy, on the other hand, provided that in the event of other insurance, all coverage of Hertz, whether the Hertz cars were driven by Hertz or its employees or by permissive drivers, became excess, and there no longer was any primary coverage.

Plaintiffs contend and the court found that as Athey's National policy provided excess insurance only for loss while Athey was using a nonowned automobile, the Hertz' Netherlands policy provided primary coverage to Athey, and until the loss exceeded the $25,000 limit of that policy, Athey had no "other insurance" to bring the excess provision of Hertz' Netherlands policy into effect.

Defendant contends that because of the difference hereinbefore stated between the excess coverage provisions of the two policies, the National policy providing that its excess coverage applies when Athey is using a nonowned automobile and there is other insurance, while the Netherlands policy provides if there is other insurance, its coverage is excess regardless of whether the automobile causing the loss is driven by Hertz or a permissive user, the National policy, even though providing only excess insurance as to Athey's use of the Hertz automobile, is "other insurance" under the Netherlands policy. As to each policy the other policy is

"other insurance." Both policies, then, providing only excess insurance, in order to protect the insured the law requires that both policies be considered to provide primary coverage and that any loss be prorated.

Defendant is correct. The Netherlands policy states: "The insurance under this policy shall be excess insurance over *any other valid and collectible insurance. . . ."* (Emphasis added.) Plaintiffs concede that, even under their theory, if the loss exceeds the $25,000 coverage of the Netherlands policy, the National policy comes into play and National has to pay that excess, not exceeding the $50,000 limit. Thus Athey is covered by a total of $75,000 insurance, and obviously has two policies of insurance, which policies constitute "other insurance" as to each other.

In a situation like this, where both policies provide excess coverage only, there is no justification for choosing one as providing "other insurance" and the other as not so providing.

Plaintiffs' contention that because its policy as to non-owned cars is only excess, such policy did not constitute "other insurance" to the Hertz policy, is based upon a misconstruction of certain California authorities, particularly *American Automobile Ins. Co.* v. *Republic Indemnity Co.* (1959) 52 Cal.2d 507 [341 P.2d 675], which plaintiffs contend hold that where there are "other insurance" clauses in the liability policies of both the driver and the owner, the excess provision in the policy of the driver is given effect and the insurer of the owner is held to be primarily liable and within the limits of its policy must bear the entire loss. However, the cases do not so hold. They merely hold that where the policies of both the driver and the owner contain clauses to the effect that if the insured has other insurance, the loss shall be prorated, and the driver's policy provides only excess insurance if the driver is using a nonowned car, then the owner's policy is considered "other insurance" as to the driver's policy. In that case as well as in the others cited by plaintiffs, *Firemen's Ins. Co.* v. *Continental Cas. Co.* (1959) 170 Cal.App.2d 698 [339 P.2d 602], and *Pacific Indem. Co.* v. *California State Auto. Assn.* (1961) 190 Cal.App.2d 293 [12 Cal.Rptr. 20], the courts were considering policies all of which had excess clauses of the type of that in the National policy, namely, that where the insured had other insurance the coverage would be excess as to loss caused by the use of a nonowned automobile. None of the cases dealt with a situation

where, as here, one policy's excess clause applies only to the use of a nonowned automobile, and the other policy's excess clause applies to the use of owned automobiles, regardless of by whom used. Or, in other words, they did not deal with a case where the ''other insurance'' clause in both policies was applicable, making both excess.

In *American Automobile Ins. Co., supra,* the court referred to the excess clauses it was considering as being those in a ''standard policy.'' (P. 513.) In our case the National policy is a standard one. The Netherlands policy is not. Under the nonstandard policy the insurer under its right of contract has contracted that, where there is other insurance covering an owned car, its only liability will be excess. Thus, where there is other insurance, Netherlands by its contract has limited its primary liability even as to loss sustained by Hertz or its employees driving Hertz owned cars. The policy states, in effect, that it covers full liability of Hertz or those using the Hertz cars with permission, but in the event that anyone so insured has other insurance, Netherlands no longer is primarily liable but its liability is only excess to the other insurance. As held in *Truck Ins. Exchange* v. *Torres* (1961) 193 Cal.App.2d 483, 491 [14 Cal.Rptr. 408], and *Oil Base, Inc.* v. *Transport Indem. Co.* (1956) 143 Cal.App.2d 453 [299 P.2d 952], where there are two purely excess policies covering a loss, that loss will be prorated. In the *Oil Base* case, *supra,* the court was faced by a somewhat similar situation and said (pp. 467-468): '' '. . . ''If for the same loss that brings this policy into play, the insured is covered, partially or wholly, by other insurance, the benefits of that other insurance must be exhausted before recourse may be had under this policy.'' ' So construed, neither policy would attach to the risk and the insured would be deprived of coverage. Under this circumstance the court must prorate the loss between the two policies up to their respective limits of liability.'' (See also *Employers etc. Corp.* v. *Pacific etc. Ins. Co.* (1951) 102 Cal.App.2d 188 [227 P.2d 53].)

In *Truck Ins. Exchange* v. *Torres, supra,* 193 Cal.App.2d 483, the excess clause situation was similar to that in our case. The Exchange policy contained a clause as to ''other insurance'' similar to the clause in the Netherlands policy, namely, that it provided excess coverage regardless of whether the car was owned or nonowned. The other policy was a Federal one whose ''other insurance'' clause was similar to that of National here; it provided excess coverage where the car used was

nonowned. While the court held that the Federal excess clause did not apply because the tractor involved in the accident was owned by Federal's insured, the court did say (p. 491): "If, perchance, both policies were held to afford only excess coverage the result would be that equity would require proration in order that insurers who had undertaken a single and common burden should not be absolved entirely. (See *Oil Base, Inc.* v. *Transport Indem. Co.*, 143 Cal.App.2d 453, 468 [299 P.2d 952]; *Employers etc. Corp.* v. *Pacific etc. Ins. Co.*, 102 Cal.App.2d 188, 191 [227 P.2d 53]; *Peerless Cas. Co.* v. *Continental Cas. Co.*, *supra*, 144 Cal.App.2d 617 [301 P.2d 602]; *Oregon Auto. Ins. Co.* v. *United States Fidelity & Guar. Co.* (9 C.C.A.) 195 F.2d 958; *Continental Cas. Co.* v. *St. Paul Mercury F. & M. Ins. Co.* (D.C. Fla.) 163 F.Supp. 325; 69 A.L.R.2d 1122, 1124.)" The court also pointed out that in *American Automobile Ins. Co.*, *supra*, the language concerning the other insurance was substantially the same in both policies.

In *Continental Cas. Co.* v. *Zurich Ins. Co.* (1961) 57 Cal.2d 27 [17 Cal.Rptr. 12, 366 P.2d 455], three policies of automobile liability insurance were involved. Each had "other insurance" clauses. The Zurich policy provision, different from either of those involved here, was to the effect that its liability where there was other insurance would be prorated with all other valid insurance. General's provision and that of Continental were similar to National's here. They provided excess insurance where the automobile used was nonowned. The court held that as Zurich's policy provided for proration, while the other two provided excess coverage only, the Zurich policy must be considered primary and liable to its limit and the other two excess and their liability prorated over the Zurich limit. Again in *Zurich* the situation was different from that in our case.

In *Continental Casualty Co.* v. *New Amsterdam Casualty Co.* (Ill. App., 1960) 21 Automobile Cases (2d) 1343, the court was faced with precisely the same question as presented here. There one Collins rented a car from a rental system which carried a liability policy with Continental covering renters of its cars. This policy was an excess insurance policy. Collins carried a liability insurance policy with Amsterdam which provided primary insurance as to his own cars, but excess insurance as to nonowned cars. Thus, as here, it was a conflict between two insurance companies issuing excess policies. The court in an exhaustive opinion states that the

leading case on the subject, which it followed, is *Oregon Auto. Ins. Co.* v. *United States Fid. & Guar. Co.* (9 Cir. 1952) 195 F.2d 958, which held that where a driver of a nonowned automobile is covered by two excess policies, a literal interpretation of the policies would make neither insurer liable, and that the only rational solution is to require a proration of the two policies. The court points out that this rule is followed in the following cases: *Continental Cas. Co.* v. *St. Paul Mercury F. & M. Ins. Co.* (D.C. S.D. Fla., 1958) 163 F.Supp. 325; *Factory Mut. Liab. Ins. Co. of America* v. *Continental Cas. Co.* (5 Cir., 1959) 267 F.2d 818; *Cosmopolitan Mut. Ins. Co.* v. *Continental Cas. Co.* (1959) 28 N.J. 554 [147 A.2d 529]; *Arditi* v. *Massachusetts Bonding & Ins. Co.* (Mo. 1958) 315 S.W.2d 736; *Beattie* v. *American Automobile Ins. Co.* (1959) 338 Mass. 526 [156 N.E.2d 49]; *Reetz* v. *Werch* (1959) 8 Wis.2d 388 [98 N.W.2d 924]; *Continental Cas. Co.* v. *Buckeye Union Cas. Co.* (Ohio 1957) 143 N.E.2d 169; *American Surety Co.* v. *Canal Ins. Co.* (4 Cir. 1958) 258 F.2d 934.

In *Cosmopolitan Mut. Ins. Co.* v. *Continental Cas. Co., supra,* 147 A.2d 529, the court discussed many conflicting decisions and then concluded (pp. 533-534): "The excess insurance provisions are mutually repugnant, and as against each other are impossible of accomplishment. Each provision becomes inoperative in the same manner that such a provision is inoperative if there is no other insurance available. Therefore, the general coverage of each policy applies and each company is obligated to share in the cost of the settlement and expenses. We think that such a conclusion affords the only rational solution of the present dispute."

So here, each policy is "other insurance" as to the other and provides excess coverage only. Hence the loss must be apportioned.

The judgment is reversed with directions to the trial court to amend its conclusions of law and enter a judgment declaring the relative and respective rights and obligations of the parties to this action in accordance with the views expressed in this opinion. Each party shall bear its own costs.

Tobriner, J., and Sullivan, J., concurred.

A petition for a rehearing was denied February 23, 1962, and respondents' petition for a hearing by the Supreme Court was denied April 3, 1962. Peters, J., was of the opinion that the petition should be granted.