**ATLANTIC NATIONAL INSURANCE COMPANY, Plaintiff,**

v.

**ERIE INSURANCE EXCHANGE, Defendant.**

No. 10823-M-Civ.

United States District Court
S. D. Florida,
Miami Division.

Dec. 13, 1962.

Knight, Smith, Underwood & Peters, Miami, Fla., for plaintiff.

Fowler, White, Gillen, Humkey & Trenam, Miami, Fla., for defendant.

DYER, Chief Judge:

THIS CAUSE for a declaratory judgment came on to be heard on stipulated facts and the briefs of parties. The Court having considered the "stipulated statement of facts" and the amendment thereto, as well as, the pre-trial stipulation, memoranda and pleadings in this cause, now makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. Plaintiff, Atlantic National Insurance Company, is a Florida Corporation, authorized to do business in Florida and with its principal place of business in Miami, Florida.

2. Defendant is a Pennsylvania reciprocal organization, with its principal place of business in Pennsylvania.

3. The amount in controversy exceeds $10,000 exclusive of interest and costs.

4. Atlantic National Insurance Company issued to the Hertz Corporation a Hertz Special Automobile Policy, Driverless Car Liability Policy which was in existence at all times material hereto. Such a policy insured not only the Hertz Corporation but also any person to whom an automobile was rented by the Hertz Corporation. Such policy further provided that the insurance afforded thereunder would be excess insurance over any other valid and collectible insurance available to the insured, either as an insured under another policy or otherwise.

5. The Defendant, Erie Insurance Exchange, issued a Family Automobile policy to Isaac P. Holzman which was likewise in existence at all times material hereto. This policy insured the named insured, Isaac P. Holzman while operating an owned automobile and further insured Isaac P. Holzman while operating a non-owned automobile. It further provided that the insurance afforded thereunder in reference to a non-owned automobile would be excess insurance over any other valid and collectible insurance.

6. Prior to April 22, 1958, the said Isaac P. Holzman rented a vehicle from the Hertz Corporation and on April 22, 1958, was involved in an automobile accident in which Melvin Kline was allegedly injured and damaged.

7. On August 25, 1958, the said Melvin Kline filed an action at law against the Hertz Corporation and Isaac P. Holzman. The Plaintiff, through its attorneys, appeared on behalf of both the Defendant, Hertz Corporation, and Defendant, Isaac P. Holzman, and thereafter made several written demands on the Defendant, Erie Insurance Exchange, for contribution towards any possible settlement. At all times Erie refused to acknowledge responsibility for prorata contribution. None of such correspondence indicated any actual settlement proposal satisfactory to the Plaintiff herein. No request for settlement advice was ever made by Erie in its correspondence rejecting the Plaintiff's position.

8. Immediately prior to the commencement of the trial of the aforementioned damage suit, counsel for Melvin Kline took a voluntary non-suit as to Isaac P. Holzman and the trial proceeded against the Hertz Corporation as the sole defendant. Following the presentation of all testimony and the conference on jury charges, the cause was amicably settled between the parties thereto. Such amicable settlement was in the sum of $50,000 and pursuant thereto the said damage suit of Melvin B. Kline vs. The Hertz Corporation was dismissed with prejudice on April 25, 1961.

9. The payment of $50,000 was thereafter made by draft drawn on the Atlantic National Insurance Company, dated April 14, 1961, and transmitted to Counsel for Melvin Kline in exchange for gen-

eral releases running to the Hertz Corporation and Isaac P. Holzman.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and of the subject matter under 28 U.S.C. § 1332.

2. Plaintiff is entitled to recover from Defendant one-half of the settlement amount.

While there is no case in this State or Circuit with an identical factual situation, due to the non-suit and ensuing settlement, it is to be noted that plaintiff's policy contains, as to both the named insured and as to "renters" (of whom Holzman is one) an "other insurance" clause of the excess coverage type. Defendant's policy has an "other insurance clause" of the pro rata type, except as to coverage when driving a non-owned automobile, which coverage is specifically stated to be "excess" coverage, so that as a practical matter we have both policies with clauses of the excess type, insofar as they apply to this suit. This is the identical situation which was before this Court in Continental Casualty Company v. St. Paul Mercury Fire and Marine Insurance Company, 163 F.Supp. 325 (D.C., 1958) cited with approval by the U.S. Court of Appeals for the 5th Circuit in Factory Mutual Liability Insurance Company of America v. Continental Cas. Co., 5 Cir., 267 F.2d 818, 1959. (Cf. also 69 A.L.R.2d 1122, Anno: Apportionment of liability between insurers each of whose policies provides that it shall be "excess" insurance). If it were only a question of recovery against Holzman, or even a compromise settlement as to Holzman alone, there would be not the slightest difficulty under the aforesaid cases. The major difficulty here is presented by the non-suit in the suit against Holzman (the dual-insured) before trial. Defendant was obligated, as was Plaintiff to defend Holzman. As a matter of fact Defendant's insured was the active tortfeasor, if there was a tortfeasor, whereas Plaintiff's insured could be only vicariously liable. Defendant's argument that Plaintiff cannot succeed on the strength of De-

fendant's contract with Holzman is correct, but Plaintiff does not contend that it can. Rather it claims that it has paid an obligation to which Defendant should be required to contribute, i. e., Holzman's legal liability under *both* contracts of insurance. Had the suit been against Holzman alone, there would be no doubt that this is valid. The question—a novel one—is whether an insurer can renege on its obligations and cast the burden of defense and payment upon a concurrent insurer, who happens also to be the insurer of the vicarious-liability Defendant (Hertz); and then when concurrent insurer in its conduct of the case effects a non-suit as to the individual defendant deny any further liability for contribution to the settlement? I think the answer must be in the negative. Hertz obviously has a cause of action over against the active wrongdoer for which Defendant here would be totally liable up to the policy limits (cf. 31 ALR 2d 1324, Anno: Right to subrogation as against primary insurer, of liability insurer providing secondary insurance, and the case of USF & G v. Thomlinson-Arkwright Co., 172 Or. 307, 141 P.2d 817 (1943) cited in the annotation).

In the interest of judicial economy and the prompt administration of justice, Plaintiff ought not be put to the extra time and expense of multiple actions as assignee of Hertz' rights against Holzman. It would be a windfall to this Defendant and could place a premium upon breach of contract to allow a defaulting insurer to evade his obligations by denying coverage and hoping for a settlement as to its insured. Conversely it would discourage settlement at the hands of the defending concurrent insurer (cf. 67 A.L.R.2d 1086, Anno: Insured's settlement of third person's claim without suit, following liability insurer's denial of liability on ground that claim is not within policy coverage as affecting insurer's liability. See also the case of Mass. Bonding and Insurance Company v. Car and General Insurance Corporation, E.D. Pa., 152 F.Supp. 477, 1957, decided under Pennsylvania law but on facts almost

identical with those here involved and allowing recovery by the Plaintiff.)

3. Plaintiff is entitled to recover costs from Defendant herein.

•4. A final judgment will be submitted by Plaintiff, in accordance with the views expressed in these findings.