[Civ. No. 20463.   First Dist., Div. One.   Feb. 18, 1963.]

FARMERS INSURANCE EXCHANGE, Plaintiff and Respondent, v. CONTINENTAL NATIONAL GROUP et al., Defendants and Appellants.

Carroll, Davis, Burdick & McDonough and J. D. Burdick for Defendants and Appellants.

Campbell, Custer, Warburton & Britton and George A. Strong for Plaintiff and Respondent.

SULLIVAN, J.—This is an action for declaratory relief brought to determine the respective liabilities of two insurance companies with respect to a cause of action for damages for personal injuries arising out of an automobile collision. Farmers Insurance Exchange (hereinafter called Farmers) commenced this action against Continental National Group, a corporation, and Continental Casualty Company, a corporation. Continental Casualty Company (hereinafter called Continental) filed a cross-complaint against Farmers for similar relief.[1] The instant appeal is from a judgment holding in effect that Continental's policy is primary insurance and Farmers' policy is excess insurance.

There is no dispute about the facts giving rise to the controversy. One Matthew D. Pascal, doing business as Pascal Rentals, owned a certain truck which he rented to one Harry J. Israelsen. The latter while thereafter driving the truck with Pascal's permission had a collision with an automobile driven by one Doris Andrade. Mrs. Andrade and her husband commenced an action against Israelsen and Pascal seeking general damages in the sum of $20,000 and other special damages in an unspecified amount. At the time of the accident there were in effect an automobile liability policy issued by Farmers to Israelsen with an applicable single limit of $5,000 for bodily injury liability and a so-called driverless car liability policy issued by Continental to Pascal with an applicable single limit for bodily injury liability in the sum of $100,000 for the owner and $50,000 for the renter.

In the instant action it was the position of each of the opposing parties that the other should appear for and defend all of the defendants in the Andrade action and pay any judgment rendered or settlement made therein. The case was tried on a stipulated set of facts, thereafter adopted by the trial court as its findings of fact. From these the court concluded that Continental, the insurer of Pascal, had the

---

[1]Both defendants filed an answer to the complaint which *inter alia* alleged that Continental National Group was not a corporation but "a trade name under which a number of separate insurance corporations operate." Although both defendants have appealed, the present controversy is actually between the two corporations issuing the policies involved, namely, Farmers and Continental Casualty Company. We deem it unnecessary to make further reference to Continental National Group.

primary liability and should bear the entire loss to the extent of the limits of its policy and that Farmers, the insurer of Israelsen, was "the excess carrier and becomes liable only when the injured party's judgment, if any exceeds the policy limits of the defendant Continental Casualty Company." Judgment was rendered accordingly.

As we stated in *Continental Casualty Co.* v. *Hartford Accident & Indemnity Co.* (1 Civil No. 20211, filed this date; see *ante,* p. 78 [28 Cal.Pptr. 606]), "[s]ince no extrinsic evidence was introduced in the court below in aid of construction, the construction of the instant policies presents a question of law. We are not bound by the trial court's interpretation of them and we therefore proceed to make our own determination of their meaning from an examination of their applicable provisions. (*Continental Cas. Co.* v. *Phoenix Constr. Co.* (1956) 46 Cal.2d 423, 430 [296 P.2d 801, 57 A.L.R.2d 914]; *Estate of Platt* (1942) 21 Cal.2d 343, 352 [131 P.2d 825].)"

The parties are in agreement that both policies extended coverage to Israelsen and that the sole issue for our determination is the effect on their respective liabilities of certain "other insurance" clauses contained in the policies. The pertinent provision in the Farmers' policy is found in endorsement to the policy entitled "Use of Other Automobiles—Broad Form" and reads in relevant part as follows: "It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability, for Property Damage Liability and for Guest Medical Expense with respect to any automobile owned by the named insured applies with respect to any other automobile, subject to the following provisions: . . . 3. Other Insurance. The insurance for Bodily Injury Liability and for Property Damage Liability shall be excess insurance over any other collectible insurance available to the insured, either as an insured under a policy applicable with respect to the automobile or otherwise, against a loss covered hereunder. . . ." The basic policy also contains the following provision among the conditions thereof: "Under Coverages A, B, . . . the Exchange shall not be liable for a greater proportion of any loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of all collectible insurance against such loss.

"With respect to a substitute or non-owned automobile, Coverages A, B, . . . shall be excess insurance over any other

collectible insurance of any kind available to the insured.''[2] It is clear from the terms of the endorsement, and indeed Farmers concedes, that the endorsement supersedes the clause found in the second paragraph of condition 17. Even if there were any conflict in meaning between them, it is settled that the endorsement would control. (*Continental Cas. Co.* v. *Phoenix Construction Co.* (1956) 46 Cal.2d 423, 431 [296 P.2d 801, 57 A.L.R.2d 914].)

The Continental policy contains the following provision among its conditions: ''17. Other Insurance. The insurance under this policy shall be excess insurance over any other valid and collectible insurance available to the insured, either as an insured under another policy or otherwise.''

The issue presented by the foregoing applicable provisions is controlled by our decisions in *Athey* v. *Netherlands Ins. Co.* (1962) 200 Cal.App.2d 10 [19 Cal.Rptr. 89] and *Continental Casualty Co.* v. *Hartford Accident & Indemnity Co.* (1 Civil No. 20211, filed this date; see *ante,* p. 78 [28 Cal.Rptr. 606].) A comparison of the ''other insurance'' clause contained in the endorsement to the Farmers' policy, together with the first paragraph of condition 17 unaffected by the endorsement, with the ''other insurance'' clause contained in the policy issued by the National Grange Mutual Liability Fire Insurance Co. to the driver-renter of the automobile in the *Athey* case and the similar clause contained in the policy issued by the Hartford Accident and Indemnity Company to the driver-renter of the automobile in the *Continental* case, shows that the corresponding clauses are practically the same. A comparison of the ''other insurance'' clause in the Continental policy issued to the owner-lessor in the instant case, with the corresponding clause issued by Continental to the owner-lessor in the *Continental* case and with the corresponding clause in the policy issued by The Netherlands Insurance Company in the *Athey* case, shows that the clauses in all policies are *identical* in language.[3]

We held both in *Athey* and in *Continental* that where such ''other insurance'' provisions were contained in the opposing policies, each policy was ''other insurance'' as to

---

[2] Under the insuring agreements, Coverage A is for bodily injury liability and Coverage B is for property damage liability.

[3] For the language of the other clauses, see our opinion in *Continental Casualty Co.* v. *Hartford Accident & Indemnity Co.* (1 Civil. No. 20211, filed this date; see *ante,* p. 78 [28 Cal.Rptr. 606].)

the other, providing excess coverage only and that, in order to protect the insured, the loss should be apportioned between the policies. Such is our holding here.

■ Farmers contends that the special endorsement to its policy has the effect of emphasizing and underscoring the fact that in respect to nonowned automobiles its coverage will be excess over other collectible insurance. We fail to see what additional vitality was thus infused into the contract. The result was still a conflict of two "excess" clauses which required proration. It is also contended that since the endorsement recites that the insurance provided therein is "in lieu" of insurance provided in the policy for nonowned automobiles, it is clear that under the circumstances there is no longer any primary coverage under the policy. This contention must fail for the same reason stated above, namely, that two excess clauses are in opposition to each other. Finally, Farmers urges that Continental's clause is very broad while its own clause is more specifically directed to the nonowned automobile situation. However the fact remains that each policy covers the loss in question. (See 13 Hastings L.J. 185.) "At the point of contact . . . the risk covered is identical since each policy specifically covers bodily injuries arising out of the ownership, maintenance or use of automobiles." (*Employers etc. Corp.* v. *Pacific etc. Ins. Co* (1951) 102 Cal.App.2d 188, 194 [227 P.2d 53].)

The judgment is reversed and the cause is remanded with directions to the trial court to amend its conclusions of law and to enter a judgment declaring the relative and respective rights and obligations of the parties to this action in accordance with the views herein expressed. Each party shall bear its own costs on appeal.

Bray, P. J., and Molinari, J., concurred.